ALBERT S. MARVEL, JR., PROSECUTOR, v. COUNTY OF CAMDEN, SAMUEL C. BERRY, WILLIAM W. MESSENGER, ANDREW F. GANSER, RALPH GITHENS, JAMES KERSHAW, OSCAR MOORE AND HAROLD F. WALTERS, RESPONDENTS.

Submitted May 6, 1947—Decided June 5, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Alexander Feinberg* (*Samuel P. Orlando,* of counsel).

For the respondents, *George G. Tartar* and *Joseph W. Cowgill* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J. This case presents the sole question whether or not appointments made by the Board of Freeholders of the County of Camden to the offices of clerk of the board and county auditor are valid when made for a term

of three years when in fact the vacancies were for lesser unexpired terms arising from the resignation of the preceding incumbent. The propriety of proceeding by *certiorari* is not questioned nor is there injected any issue of what constitutes an "office."

On January 11th, 1945, the Board of Freeholders of Camden County reappointed the then incumbent, Earl Armstrong, as clerk of the board and county auditor to succeed himself for a term of three years commencing January 21st, 1945, following the expiration of his preceding three-year term for each office. Effective December 23d, 1946, he tendered his resignation from those offices, which was accepted by the board on December 30th, 1946. On the latter date, by resolution, the board appointed the prosecutor, Albert S. Marvel, Jr., clerk of the board and county auditor for the term of three years and he was immediately sworn.

A new board which had been elected the preceding November and which was predominantly of the opposite political party, assumed office on January 1st, 1947, and on the same day appointed Harry L. Cranmer to both offices for the unexpired terms. The resolution recited that the preceding appointment of the prosecutor was null and void since made for a term of three years and not for the unexpired terms.

The board has only recognized and paid the latter appointee although the prosecutor has held himself ready and willing to perform any and all duties of each office and has reported daily for work. No charges for dismissal or removal were ever instituted.

On the authority of *Murphy* v. *Freeholders of Hudson County*, 92 *N. J. L.* 244, and *Gallaher* v. *Camden County*, 129 *Id.* 290, it is contended that, being a holder of an office for which the term is fixed by law, the prosecutor could not be removed without cause, notice and an opportunity to defend. That is true only if it is determined that the appointment for the three-year term was within the power of the board and therefore regularly and legally made. *Gallaher* v. *Camden County, supra.*

The authority to elect a clerk of the board and a county auditor for terms of three years is conferred on the Board of

Freeholders by *R. S.* 40:20–26, *R. S.* 40:21–18 and *R. S.* 40:21–20. In case of resignation of an incumbent of either office, "Vacancies shall be filled by the board *in the same manner* as the original selection or appointment." (Italics added.) *R. S.* 40:21–5.

The latter statute should not be construed to mean that the vacancy caused by resignation is to be filled by an appointment for a new full term. The word "manner" is to be construed as meaning "mode of procedure" and does not comprehend term of office.

Where the legislature creates an office and affixes a term to it for which each and every incumbent shall hold office, the resignation of the officer does not end the term nor does the selection and appointment of a successor create a new and separate one, but in such case the successor merely fills out the unexpired portion. *Cf. McKenzie* v. *Elliott,* 77 *N. J. L.* 43.

The board was therefore without power to fill the offices concerned except for the unexpired terms of the prior incumbent.

Nor can the appointment of the prosecutor be sustained for the remainder of the uncompleted term. When the law prescribes the term of an office, it is beyond the power of the authorized body to appoint for a greater or less term and any attempt to do so is entirely nugatory and will not constitute a legal appointment but will leave an existing vacancy in such office. *Salter* v. *Burk,* 83 *N. J. L.* 152; *Niccolini* v. *Ubertino,* 96 *Id.* 306; *Cafiero* v. *Peterson,* 103 *Id.* 220.

The prosecutor was never legally appointed to the offices herein concerned and the subsequent action taken by the new board in making an appointment for the unexpired term of the offices was valid.

Writ dismissed, with costs.