ALBERT S. MARVEL, JR., PROSECUTOR-APPELLANT, v.
COUNTY OF CAMDEN, SAMUEL C. BERRY, WILLIAM
W. MESSENGER, ANDREW F. GANSER, RALPH GITHENS,
JAMES KERSHAW, OSCAR MOORE AND HAROLD F.
WALTERS, DEFENDANTS-RESPONDENTS.

Submitted October 31, 1947—Decided February 19, 1948.

For the prosecutor, *Alexander Feinberg* (*Samuel P. Orlando,* of counsel).

For the respondents, *George G. Tartar* and *Joseph W. Cowgill* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

COLIE, J. This appeal brings up a judgment of the Supreme Court dismissing a writ of *certiorari*.

On January 1st, 1941, the County of Camden organized under the act relating to small boards of chosen freeholders. *R. S.* 40:20–20, *et seq.* On January 21st, 1942, one Earl Armstrong was elected by the board as clerk of the Board of Chosen Freeholders and as auditor of the County of Camden for a term of three years commencing on that date. On January 11th, 1945, Mr. Armstrong was again elected by the board to the same offices for a further term of three years, commencing January 21st, 1945. On December 30th, 1946, Mr. Armstrong resigned from each of said offices. Thereupon the Board of Freeholders elected Albert S. Marvel, Jr., as clerk of the board and as county auditor for a term of three years, to commence December 30th, 1946. On January 1st, 1947, a new Board of Chosen Freeholders, elected the previous November, organized and forthwith passed two resolu-

48

tions reciting that the appointments on December 30th, 1946, of Mr. Marvel were "without authority of law, and therefore void and of no effect and a vacancy still exists" in said offices and then went on to elect one Harry L. Cranmer "for the unexpired term to commence January 1st, 1947."

The respondents state the question succinctly as follows: Where vacancies occur in the offices of the clerk to the Board of Chosen Freeholders and county auditor, the terms of which, by statute, are fixed for three years, may succeeding appointees be appointed for a period exceeding the unexpired term of the preceding incumbents? The question presented is one of construction of the following statutes: *R. S.* 40:20–26: "The terms of office of all officers then holding office under appointment by the board of chosen freeholders existing in any county at the time of reorganization thereof under sections 40:20–20 to 40:20–35 of this title in such county, shall not be affected thereby but the officers then holding office shall continue in office during the terms for which they were originally appointed or elected and until their successors shall have been appointed or elected and shall have duly qualified. Thereafter all offices to be filled by the board of chosen freeholders shall be for the term of three years."

*R. S.* 40:21–5: "Whenever an officer elected or appointed by the board of chosen freeholders shall cease to be a *bona fide* resident in the county except by virtue of a change of boundaries of the county, or whenever the resignation of any such officer shall have been accepted by the proper authority, a vacancy in the office held by that person shall immediately exist, and he shall not exercise any of the duties of the office theretofore held by him. Vacancies shall be filled by the board in the same manner as the original selection or *appointment*."

*R. S.* 40:21–18: "The board of chosen freeholders shall elect a clerk of the board for the term of three years * * *."

*R. S.* 40:21–20: "The board of chosen freeholders may elect, for the term of three years, a county auditor * * *."

No one of the above statutory provisions refers to an unexpired term. To the contrary, *R. S.* 40:20–26, *R. S.* 40:21–18 and *R. S.* 40:21–20 specifically provide for a "term

of three years." That the legislature has specifically mentioned a "term of three years" in three sections of these interrelated statutes and has omitted mention of the filling of a vacancy for the unexpired term is helpful in arriving at a judicial determination of the intent since it is the duty of the court in determining the intent of the legislature to examine and compare all sections of the statutes. *Lynch* v. *Long Branch,* 111 *N. J. L.* 148 (at *p.* 151).

The rule applicable to the question before the court has been long since settled. In *Freeholders of Atlantic* v. *Lee,* 76 *N. J. L.* 327; *affirmed,* 77 *Id.* 799, it was said:

"The words, 'term of office,' may, in a sense, be used to indicate the statutory period for which an officer is elected. We speak of the term of office of the president of the United States; the term of office of the governor of the state, meaning that the first was four years and the latter three years; but the words 'term of office' may also mean a period much shorter than that for which the particular officer was elected. His term of office may be terminated before the expiration of the statutory period for which he was elected by impeachment, or resignation, or death of the particular officer. The happening of these contingencies are implied limitations upon the right of the elected officer to continue in office for the period for which he would otherwise be entitled to hold. When such a contingency occurs the officer's term expires; there is a vacancy, and upon the appointment or election to fill the vacant office, the term of another officer begins. To assert that a term of office of an impeached or deceased officer continues, is to assert that there may be two terms of office running together, although the office can be filled by only a single person."

In *Clay* v. *Browne,* 96 *N. J. L.* 303; *affirmed,* 97 *Id.* 315, in dealing with a statute which provided that "all vacancies in offices in any city of this state arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only," the court said:

"When the legislature, by statute, creates an office, and affixes a term to it for which each and every incumbent shall hold it, or where a municipal board pursues the same course

under legislative authority, conferred upon it for the purpose, the resignation of an incumbent thereof, before the expiration of the term so fixed, leaves an uncompleted term, and the vacancy can only be filled in the manner provided by the fifth section of the act of 1901; that is, for the period that the term has yet to run. But in our opinion where the fixation of the term of office is not attached to the office itself, but relates only to a particular incumbent thereof, then upon the termination of the right of the incumbent to continue to occupy the office, no matter how or when the right ceases to exist, the term for which he was appointed automatically comes to an end, and no unexpired portion thereof remains to be dealt with in accordance with the statutory provision above cited."

The cited cases are in accord with the rule as stated in the footnote to 50 *L. R. A.* (*N. S.*) 338:

"Where only the length of the term is fixed by the Constitution or statutes, and neither the commencement nor termination is prescribed, and there is nothing establishing a term of office to exist between fixed dates only, nor any reference to an unexpired term, or to a vacancy in the office as distinct from the office itself, one regularly elected or appointed thereto holds his office for the full term, and no part of a previous term during which another held the office, but who has vacated it, enters into the computation of the term for which the appointee holds. These cases take the view that under such provisions the vacancy is in the office, and not in the term of the officer; or to state the same proposition in another form, the term of the office never runs apart from the officer."

And 43 *Am. Jur.*, *"Public Officers,"* § 159:

"Where no time is fixed for the beginning or end of the period during which a public office is to be occupied, and the duration of such period is alone designated, a person selected to fill a vacancy in such office may serve the full term and not merely the unexpired balance of the prior incumbent's term."

The Supreme Court opinion turns upon its construction of that part of *R. S.* 40:21–5 reading: "Vacancies shall be

filled by the board in the same manner as the original selection or appointment." The court construed the word "manner" as meaning "mode of procedure" and as not comprehending term of office. In adopting this construction, we think that the court erred and failed to follow the guide to statutory construction set forth in *Lynch* v. *Long Branch, supra.* Furthermore, such a narrow construction does not leave room for application of the established maxim *noscitur a sociis.* When the phrase "in the same manner" is considered in reference to the thrice repeated phrase "for the term of three years" it bcomees apparent that its meaning is broader than that attached to it by the court below. Unless the phrase is construed broadly enough to comprehend term of office, it is tantamount to a deletion from the statutes of the phrase "for the term of three years."

For the reasons stated, the judgment under appeal is reversed, with costs.

*For affirmance*—EASTWOOD, BURLING, WELLS, FREUND, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, DILL, McLEAN, SCHETTINO, JJ. 7.