Plaintiff appeals from an adverse judgment respecting title to the office of City Treasurer of the City of Passaic.
One La Porte, plaintiff's predecessor in office, was appointed June 10, 1936, for a three year term and thereafter on June 27, 1939, appointed for a term ending in May, 1943, which term was in excess of that fixed by law. La Porte then held over without further appointment until he resigned on June 15, 1946.
On June 17, 1946, plaintiff, De Muro, was appointed for the term prescribed by law and performed the duties until December 31, 1948, when he was replaced by defendant, Janeczek, who was "appointed for the term prescribed by law * * *" and "In compliance with Revised Statutes of New Jersey 40:46-6, the said appointment shall be effective *Page 268 
as of January 1, 1948, and shall terminate on December 31, 1950."
The City of Passaic is within the classification created byR.S. 40:171-109, and pursuant thereto adopted an ordinance fixing a term of office of three years for the City Treasurer. Plaintiff contends that the term of his appointment on June 17, 1946, will not expire until June 17, 1949. Defendant contends that the three year term related to the office of City Treasurer and not to the incumbent and that La Porte's resignation on June 15, 1946, left a vacancy and that De Muro was appointed to fill the unexpired term only; that the plaintiff was a hold over in office and his right to the office terminated on the appointment of the defendant on December 31, 1948. The trial court held thatR.S. 40:46-6 was controlling; that plaintiff's appointment on June 17, 1946, was effective as of January 1, 1946; that his term ended December 31, 1948, and defendant's term commenced January 1, 1948.
Succinctly stated, the issue in this proceeding is whether the plaintiff received a full three year term of appointment or whether it was for an unexpired term and whether R.S. 40:46-6 requiring appointments to become effective January 1st was applicable, in view of the adoption by ordinance of the provisions of R.S. 40:171-109.
It is conceded that the City of Passaic operates under a commission form of government. On December 8, 1911, the city adopted an ordinance creating certain municipal officers, prescribing their powers and duties and fixing their salaries and terms of office and under this ordinance a term of three years was attached to the office of City Treasurer. On June 9, 1936, the ordinance was amended by fixing the salary at $3,000 per annum and specifically recited therein that the office had been created pursuant to R.S. 40:171-109. On June 10, 1936, La Porte was appointed to the office of City Treasurer for a term of three years. This was entirely consistent with the legislative intendment that municipalities operating under R.S. 40:70-1 etseq (Walsh Act), traditionally elect their municipal commissioners in May and immediately *Page 269 
thereafter appoint the officers to conduct municipal affairs.
We are of the opinion that R.S. 40:46-6 is inapplicable to the circumstances of this case and is intended to apply to municipalities that hold their elections in November and under whose form of government the governing body organizes on the succeeding 1st of January. We are convinced that R.S.
40:171-109 is controlling in the case at bar and that it is not inconsistent with the Walsh Act. Mattia v. Newark, 119 N.J.L. 268
(Sup. Ct. 1938).
Under R.S. 40:171-109 it is specifically provided that the governing body shall, preceding the expiration of the terms of the offices enumerated (which includes the City Treasurer) appoint a successor to serve in place of the office holder and the term of office shall be three years and shall "date from the time of the expiration of the terms of their predecessors." Under the facts of this case plaintiff's predecessor, La Porte, was appointed June 10, 1936, for a three year term. On June 27, 1939, he was reappointed until May, 1943, which reappointment was illegal in that it was for a longer term than that fixed by law. However, La Porte continued as a hold over at the will of the appointing body until he resigned June 15, 1946. Biddle v.Atlantic City, 91 N.J.L. 679 (E. A. 1918). La Porte occupied three full terms and a portion of a fourth term, which was terminated by his resignation. Of these terms of office La Porte's last legal appointment occurred in June, 1936. By successive three year periods relating to the term of office, the last legal term expired in June, 1945. Appointment of plaintiff, De Muro, in June, 1946, a year later, was, therefore, for the unexpired term of two years, expiring in June of 1948, following which plaintiff, De Muro, was a hold over in office (Biddle v.Atlantic City, supra), and his right to the office terminated on the appointment of the defendant, Janeczek, December 30, 1948. This fact is borne out by the specific provisions of R.S.
40:171-109 wherein it directs that "any vacancy in either of these offices herein provided for (including City Treasurer) shall be filled in the same manner but for the unexpired term *Page 270 
only." (Parenthesis ours.) See Marvel v. Camden County,137 N.J.L. 47 (E. A. 1947); reversing 135 N.J.L. 575.
The issue raised by this appeal is now moot. Ordinarily, a determination would be unnecessary. However, in view of the fact that the Superior Court has held R.S. 40:46-6 to be controlling, we feel constrained to decide the case on the merits.
The judgment of the Superior Court is affirmed.