EVELYN R. SUTKOWSKI, PLAINTIFF, v. MAYOR & COUNCIL OF THE TOWNSHIP OF JACKSON; THE TOWNSHIP OF JACKSON; FELIX CABARLE, ADMINISTRATOR; AND WILLIAM SANTOS, DEFENDANTS.

Superior Court of New Jersey
Law Division Ocean County

Decided February 11, 1981.

*John L. Bonello* for plaintiff (*Anschelewitz, Barr, Ansell & Bonello,* attorneys).

*Joseph F. Martone* for defendants (Township of Jackson, Department of Law).

HAVEY, J. S. C.

In this action in lieu of prerogative writs plaintiff Evelyn Sutkowski demands judgment reinstating her to the position of Municipal Disaster Control Director of defendant Township of Jackson. Plaintiff also seeks a declaration of the appointment of defendant William Santos as being null and void.

Defendants Mayor and Council of the Township of Jackson, Felix Cabarle, Administrator, and William Santos, newly appointed Director move for summary judgment. The following is a stipulated statement of facts:

The office of Municipal Disaster Control Director is an office created under *N.J.S.A. App.* A:9–40.1, which reads in pertinent part:

> In every municipality of this state the mayor shall appoint a municipal disaster control director from among the residents of the municipality. The municipal disaster control director, subject to fulfilling the requirements of this section, shall serve for a term of 3 years. . . .

On January 1, 1979 Edward Terhune was duly appointed by Mayor G. Donald Bates to the position of Municipal Disaster Control Director for a term of three years, that term expiring on December 31, 1980.

On February 6, 1979 Edward Terhune resigned from this position and Paul Sellers was appointed to the unexpired term of Edward Terhune by Mayor Arlene Polito.

On or about September 15, 1979 Paul Sellers died, and at that time Evelyn Sutkowski, who had been appointed Deputy Municipal Disaster Control Director, became the Acting Municipal Disaster Control Director.

On November 7, 1979 Evelyn Sutkowski was appointed as Municipal Disaster Control Director for a term commencing immediately and ending on December 31, 1980.

On November 20, 1979 a subsequent appointment was made by Mayor Polito of Evelyn Sutkowski to this position, this subsequent appointment correcting the original appointment so as to cause it to commence on September 15, 1979 and end on December 31, 1980.

Sometime during December 1979 the Mayor made a further appointment of plaintiff for a three-year term commencing September 15, 1979 and ending December 31, 1982. This appointment was corrected by a final appointment on December 28, 1979 of plaintiff for a term commencing retroactively from September 15, 1979 and ending September 14, 1982.

On January 4, 1981 the newly elected defendant, Mayor James J. McKenna, appointed defendant William Santos to the position of Municipal Disaster Control Director, commencing immediately and ending on December 31, 1983. The appointment was based on the belief and legal position of defendants that plaintiff's term had ended on December 31, 1980 notwithstanding the

appointment made by the prior mayor on December 28, 1979. For the reasons set forth in points I and II below, the court finds in favor of the defendants and holds that plaintiff's term expired on December 31, 1980. The court further holds that plaintiff's failure to comply with the provisions of *N.J.S.A. App.* A:9–40.1 causes her to be disqualified as Director.

I

*Plaintiff's appointments in September 1979, November 1979 and December 1979 were only for the unexpired term which commenced on January 1, 1979 and expired on December 31, 1980.*

Plaintiff's initial appointment was made inadvertently based on the law in effect prior to April 26, 1979, *N.J.S.A.* 40:46–15, which provided as follows:

All vacancies in office in any municipality arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only.

*N.J.S.A.* 40:46–15 was repealed by *N.J.S.A.* 40A:9–12, effective April 26, 1979. The latter statute reads:

In any county or municipality, whenever a vacancy in office occurs from any cause other than expiration of the term of office or the filing of petition for recall, such vacancy shall be filled in the manner prescribed by law.

In order for the court to determine the intent of the Legislature in adopting *N.J.S.A.* 40A:9–12, that paragraph of the statute must be read together with other statutory provisions dealing with the filling of vacancies in any office.

*N.J.S.A.* 40A:9–12 is part of L. 1979, c. 83, § 16. As part of the same law, the Legislature adopted § 1, effective on the same date, which provided for a method for filling of vacancies for *elected officials.* That section, *N.J.S.A.* 40A:16–4, provides for a method of filling vacancies for the unexpired term of the elected office. Since plaintiff is not an elected official, it must be determined what the intent of the Legislature in providing in *N.J.S.A.* 40A:9–12 was that "such vacancy shall be filled in the manner prescribed by law . . . ." The Legislature, during the

same legislative session, recognized a need to clarify this vague language and adopted *N.J.S.A.* 40A:9–12.1, effective January 1980. That statute provides for the creation of vacancies by death, resignation or other causes and states:

> Whenever any of the above shall occur the appointing authority shall forthwith fill the office for the unexpired term in the manner prescribed by law; ...

Accordingly, it is apparent in reading each of the provisions enacted by the Legislature during the 1979 session that it intended to continue the general mandate that the filling of vacancies, unless specifically provided otherwise by statute, would be for the unexpired term. Other provisions found in *N.J.S.A. Title* 40 support this conclusion. *N.J.S.A.* 40:145–13, dealing with appointive officers, provides that the township committee shall fill such vacancies for the unexpired portion of the term thereof. Although this provision deals with appointments by the township committee and not the mayor, it is reflective of a legislative intent to fill appointive offices for the unexpired terms only. Further, *N.J.S.A.* 40A:9–156 is relevant. It reads in part:

> The terms of office of all officers appointed by the mayor ... of any municipality, except to fill vacancies, *shall commence on January 1* of the year in which they are appointed *and continue for the terms prescribed by law.* [Emphasis supplied].

That provision, when read with the specific three-year term under *N.J.S.A. App.* A:9–40.1, defines a fixed three-year term commencing on January 1 of the year the term began. These provisions, read together, resolve the problem of filling vacancies as discussed in *Marvel v. Camden Cty.*, 137 *N.J.L.* 47 (E. & A. 1947).

In *Marvel* the court held that when the Legislature creates an office and affixes a specific term to it, a vacancy can only be filled for the remainder of the term. But when only the length of the term is fixed by statute and neither the commencement or termination is prescribed, then an appointee of a vacancy holds his office for the full term. *N.J.S.A. App.* A:9–40.1, read with each of the above-cited statutes, delineates a specific three-year term commencing on January 1, thereby removing

any question raised by *Marvel v. Camden Cty., supra.* The inserted language in *N.J.S.A.* 40A:9–156: "except to fill vacancies," should be read in light of all of the other statutory references referred to above. I conclude the language is intended that, in the event of death, resignation or removal of an appointed official, the new appointee filling the vacancy would not have his term begin on January 1, but on the date he is appointed. His term, nevertheless, would thereafter continue merely for the unexpired term.

Accordingly, plaintiff Evelyn Sutkowski, by virtue of her various appointments from September 15, 1979 to December 28, 1979, was appointed for the unexpired term of three years which began on January 1, 1978 when Edward Terhune was duly appointed to the position of Director. The term expired on December 31, 1980.

## II

*Plaintiff became disqualified from continuing as Municipal Disaster Control Director prior to December 31, 1980 and, therefore, could not continue even if her term was for a three year period.*

Each of the appointments made of plaintiff provided that her appointment was retroactive to September 15, 1979. The effective date of her appointment must accordingly be considered as September 15, 1979. *N.J.S.A. App.* A:9–40.1 makes as a condition to appointment that the Director shall successfully complete, within one year immediately following his appointment, a Civil Defense Director/Coordinator course. Failure to fulfill that requirement results in mandatory disqualification of the Director from continuing in office. Since it is conceded by the plaintiff that she did not complete the course until December 26, 1980, that statutory requisite was not met. She began her service on September 15, 1979 and had all of the opportunity to make arrangements to complete the course within one year from that date.

Judgment is therefore entered in favor of the defendants, dismissing plaintiff's complaint.