MONROE TOWNSHIP COUNCIL; DAVID ROTHMAN, COUNCIL PRESIDENT; WILLIAM CRANE, COUNCIL VICE PRESIDENT; MICHAEL J. DIPIERO, COUNCILMAN; ALBERT LEVINSON, COUNCILMAN, AND ROBERT J. TUCKER, COUNCILMAN, PLAINTIFFS-APPELLANTS, v. PETER GARIBALDI, MAYOR OF THE TOWNSHIP OF MONROE, AND MARIO APUZZO, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 19, 1987—Decided March 11, 1987.

Before Judges KING, HAVEY and MUIR, Jr.

*Joseph J. Benedict* argued the cause for appellants (*Benedict & Altman,* attorneys; *Joseph J. Benedict* on the brief and reply brief).

*Alan J. Karcher* argued the cause for respondent Garibaldi (*Karcher, McDonnell & Rainone,* attorneys; *Louis N. Rainone* on the brief).

*Mario Apuzzo,* Esq., argued the cause *pro se.*

The opinion of the Court was delivered by

MUIR, Jr., J.A.D.

This case raises the issue whether, after the mayor of a Mayor-Council Plan F [1] form of government community nominates, to succeed himself, an incumbent Department Head whose term of appointment has expired and the council refuses to confirm that nominee, a vacancy exists and, if so, whether a court of law should order the mayor to continue to submit names of nominees for consideration until the council confirms a name submitted.

The trial court concluded no vacancy existed. It consequently found no basis for it "to step in and direct the mayor to do anything else."

The uncontroverted facts reflect that defendant Peter Garibaldi, Mayor of Monroe Township, began serving his current four-year term of office on January 1, 1984. On January 4,

---

[1]Monroe Township adopted the Mayor-Council Plan F pursuant to the provisions of *N.J.S.A.* 40:69A–74 to –80 which incorporates *N.J.S.A.* 40:69A–26 to –30, –36 to –48 and –150 to –210. *N.J.S.A.* 40:69A–74 to –80 were repealed on January 9, 1982, but by *N.J.S.A.* 40:69A–208.1, the form of government continued.

1984, the council confirmed the mayor's appointment of Thomas R. Farino, Jr., as director of the department of law for a term of two years.

In March 1985, Farino resigned and the mayor nominated defendant Mario Apuzzo as law department director for the "period April 1, 1985 to and including December 31, 1985." The council confirmed Apuzzo's nomination for the designated period.

On December 17, 1985, the mayor again submitted Apuzzo's name to the council as the law department head for a term of two years commencing January 1, 1986. The council voted down a resolution to confirm the nomination. The mayor has not submitted another name.

Thereafter, plaintiffs, members of the council, filed a complaint seeking a declaratory judgment determining that Apuzzo's appointment as director had expired and "requiring the Mayor to propose another name for appointment to the position of Director of Law by a date to be fixed by the Court."

Plaintiffs appeal from the decision of the trial court and argue:

1. The Position of Director of Law is Vacant.

2. The Expiration of the Term of Office of a Department Head Creates a Duty to Appoint in the Mayor.

3. The Court Has Authority to Compel the Mayor to Exercise His Statutory Authority to Appoint a Person Acceptable to the Council to Fill the Vacancy.

*N.J.S.A.* 40:69A–43(b) provides, in pertinent part:

Each department shall be headed by a director, who shall be appointed by the mayor with the advice and consent of the council. *Each department head shall serve during the term of office of the mayor appointing him, and until the appointment and qualification of his successor.* [Emphasis supplied].

We are called upon to determine the meaning of the statute. The pivotal premise for doing so is to look to the plain meaning of the statute. *Watt v. Mayor and Council of Borough of Franklin,* 21 *N.J.* 274, 277 (1956). "A clear and unambiguous statute is not open to construction or interpretation and to do so

in a case where not required is to do violence to the doctrine of separation of powers." *Id.*

The provisions of *N.J.S.A.* 40:69A–43(b) clearly and unambiguously provide that a department head holds over "until the appointment and qualification of his successor." There is no qualification to that provision. Consequently, whether the department head is a holdover candidate during the term of the mayor who appointed him originally, or is a holdover into the term of a new mayor, the result is the same. There is no vacancy. The obvious legislative purpose of the provision is to assure continuity of department heads and therefore continuity of government operation while the issue of a successor is resolved.

A vacancy does not occur because there is no expiration of the term of office. If the Legislature intended a vacancy to exist under the extant circumstances, it could have so delineated in the recent enactment of *N.J.S.A.* 40A:9–12.1. That statute sought to clarify when a vacancy occurs in any appointive county or municipal office. *Sutkowski v. Jackson Tp.*, 184 *N.J.Super.* 198, 200 (Law Div.1981), aff'd o.b. 184 *N.J.Super.* 97 (App.Div.1982). The failure to prescribe the events of the Apuzzo holdover is persuasive that the Legislature did not intend that a vacancy exist.

The term of Apuzzo's office continues for the period prescribed by law. *N.J.S.A.* 40A:9–156. That term is until a successor is appointed and qualified.

To read into *N.J.S.A.* 40:69A–43(b) an obligation on the part of the mayor to continue submitting names to the council until concurrence is reached, would constitute judicial plastic surgery on the legislation, something we are loathe to do. If the Legislature considers the need for such an amendment, it is free to so provide. The language of the statute, however, does not import such an obligation. *Cf. N.J.S.A.* 40:87–16 (providing

mechanics in the event mayor fails to submit a name to fill a vacancy within a prescribed period of time).

Affirmed.