WESLEY BIDDLE, APPELLANT, v. CITY OF ATLANTIC CITY, RESPONDENT.

Argued November 26, 1917—Decided January 21, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"At a regular meeting of the city council, held on June 22d, 1908, the prosecutor was nominated and appointed to the position of assistant building inspector, to take effect September 1st, 1908. *S. of C., pp.* 35, 36.

"The prosecutor continued in office from that date up to and until June 15th, 1916, at which time he was dismissed without any charges having been presented against him, or any hearing afforded him, and one James Peterson succeeded him. *S. of C., p.* 26.

"The city council, on May 25th, 1908, passed an ordinance increasing the number of inspectors from one to two, and prescribing their qualifications, powers and duties.

"The city adopted the provisions of the Walsh act in 1912,

and the commissioners elected thereunder adopted a resolution which provided for the appointment of two assistant building inspectors, to hold office for the terms now fixed by law or ordinance, to be removed for cause, after hearing, and to be paid monthly. Thereafter the commissioners, on October 15th, 1912, adopted a resolution appointing the prosecutor first assistant building inspector at a salary of $1,100 per annum, and one Kaufman second assistant building inspector at a salary of $1,000, 'the said officers to hold office for one year.' On June 15th, 1916, the commissioners, by resolution, determined the prosecutor's tenure, and directed the director of public affairs to appoint a suitable person, by the month, at a salary of $91.60 per month. The legality of this resolution is before us for determination upon this writ.

"The theory of counsel seems to be that the Walsh act of itself amounted to the adoption of a permanent tenure, similar to that secured by the Civil Service act. With this contention we cannot agree, for if such was its effect the option given to municipalities to adopt or reject the Civil Service act would be supererogatory and of no avail or practical effect.

"The fact that the Walsh act indicates an attempt to dispense with political considerations, in municipal government, is not sufficient to warrant us in holding that by adopting that act the voting population also adopted the Civil Service act or a measure of law tantamount to it.

"In any view of the case, however, Biddle's term had expired when this resolution was passed, and he occupied the status of a hold-over. If he claim under the resolution of October 15th, 1912, he was appointed for a definite period of one year, and this was equally true of the later resolution appointing him. It may be conceded, as is contended, that he was entitled to claim under the resolution of July 23d, 1912, providing that the officers shall hold their offices for terms now fixed by law or ordinance. That term, however, was for three years and it expired on July 23d, 1915.

"The resolution dismissing him was adopted in June, 1916, more than a year after his term under that resolution had

expired. In any view of the case, therefore, it must be obvious that he was an official holding office at the will of the appointing body.

"The resolution in question should be affirmed."

For the appellant, *Clarence L. Cole.*

For the respondent, *Harry Wootton* and *Joseph B. Perksie.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 9.

*For reversal*—None.