MARIO TURTUR, RELATOR, v. WILLIAM J. TURLEY, RESPONDENT.

Argued January 18, 1927—Decided July 23, 1927.

1. The provision of the Exempt Firemen's act (*Pamph. L.* 1911, p. 444) that a person who holds a position or office under the state government, or under a municipal government, whose term is not fixed by law, and who is an exempt fireman, shall not be removed except for cause, &c., has no application where the appointment to a municipal office is for a term fixed by statute.

2. Whether there shall be a judgment of ouster in a *quo warranto* proceeding does not depend upon the question of whether the relator's term of office had expired at the time of rendition of judgment. If the proceedings are instituted prior to the expiration of relator's term, and the facts warrant it, judgment of ouster will be given.

---

On information in the nature of a *quo warranto*.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the relator, *Salvator F. LaCorte.*

For the respondent, *Stamler, Stamler & Koestler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The question presented for determination in this case is the right to the possession of the office of license inspector of the city of Elizabeth for the

year 1926. Turtur, the relator, claims title to the office by reason of his appointment as license inspector by the board of excise commissioners at a meeting held by that body on the 1st of January, 1926, his appointment being for the term of one year, commencing on that date. The defendant, Turley, was appointed by the board as license inspector on the 1st of January, 1923, "for the term prescribed by law," and he accepted the appointment, and performed the duties of the office up to January 1st, 1926. At the time of the latter's appointment the term of the office had been fixed at three years by a resolution of the board passed in April, 1915, pursuant to the power conferred upon it by the amendment of 1915 to "An act to establish an excise department in certain cities of this state" (*Pamph. L.* 1915, *p,* 415); and it is conceded that, under the doctrine of *McGrath* v. *Bayonne,* 85 *N. J. L.* 188, the action of the board in thus fixing the term was a valid exercise of the power delegated to it by the statute referred to. Notwithstanding the appointment of the relator, the respondent refused to surrender the possession of the office to him, claiming that he was entitled to remain in the occupancy thereof during the year 1926, for two reasons, which will be considered in the order in which they were argued.

The first of the two grounds upon which the respondent based his claim to be entitled to remain in the occupation of the office of license inspector after January 1st, 1926, and which is now urged by his counsel as justifying a judgment in his favor, is that, although his appointment in January, 1923, was for three years, the records of the board of excise commissioners show that the term of office of the then occupant thereof (who was himself) did not expire until January 1st, 1924, and that, consequently, his appointment in 1923 was for a term that did not begin to run until the expiration of his previous term and entitled him to remain in possession of the office for a period of three years thereafter. But the statement upon which this contention is based is shown, by the agreed state of facts submitted to us by counsel of the respective parties, to be absolutely without foundation. It is there recited that in the year 1918 there was a vacancy in

the office of license inspector; that this vacancy was filled by the board of excise commissioners on February 11th, 1919, by the appointment of Turley, the present respondent, for a term ending December 31st of that year; that on January 1st, 1920, the board again appointed Turley to the office for a further term of three years—in other words, for a term beginning at the expiration of his original term of ten months and seventeen days and continuing until January 1st. 1923; that, on this last-mentioned date, the board again re-appointed him for a further term of three years—that is, for a term beginning on January 1st, 1923, and expiring on January 1st, 1926. Upon the facts thus stated, it is so apparent that the respondent was not entitled to remain in possession of the office until January 1st, 1927, by virtue of his appointment of January 1st, 1923, that we deem any discussion as to the merit of this contention to be unnecessary.

Second. It is further contended on behalf of the respondent that he is an exempt fireman and therefore is protected by the Exempt Firemen's act (*Pamph. L.* 1911, *p.* 444), which provides that no person holding a position or office under the government of this state, or under the government of any county, city, town or other municipality, whose term of office is not fixed by law, and who is an exempt fireman of any volunteer fire department, shall be removed from such position or office except for good cause shown and after a fair and impartial hearing, but shall hold his position or office during good behavior. This statute, however, has no application to the present situation. It prohibits the removal of a person from an office the term of which is not fixed by law, but does not entitle him to retain the possession of an office the term of which is fixed by law after the expiration of that term. As has already been indicated, the term of office of license inspector of the city of Elizabeth at the time of the respondent's appointment was fixed by law, under the doctrine of *Mc-Gralh* v. *Bayonne, supra,* and the right of the respondent to hold that office expired when that term came to an end.

It is conceded that the appointment of the relator was valid, if the grounds upon which his right to the possession of the office was resisted by the respondent are without legal sub-

stance; but it is argued by counsel for the latter that, as the term for which the relator was appointed expired on the 1st of January, 1927, a decision in this case would be merely academic, having no effect upon the rights of the parties; and that, therefore, it should not be rendered. It appears from the record that the proceeding was instituted in November, 1926, during the incumbency of the relator; and, this being so, the fact that his term expired during the pendency of the proceeding constitutes no bar to the determination of this suit by the court. Whether there should be a judgment of ouster in favor of the relator does not depend upon the question of whether he was in office at the time of the rendition of the judgment; on the contrary, if he was in office at the commencement of the proceeding, he is entitled to judgment against the respondent, if the facts of the case warrant it. *Hammer* v. *Richards,* 44 *N. J. L.* 667, 671; *Bumsted* v. *Henry,* 74 *Id.* 790.

The relator is entitled to judgment of ouster, with costs.