ROWLAND W. HOLLOWAY ET AL., PROSECUTORS, v. BOARD OF COMMISSIONERS OF THE BOROUGH OF HADDONFIELD, DEFENDANT.

Submitted May 15, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Louis B. LeDuc* and *Ralph W. Wescott.*

For the defendant, *Patrick H. Harding.*

PER CURIAM.

This case is before this court on four rules to show cause why writs of *certiorari* should not issue to review the action of the governing body of the borough of Haddonfield in appointing four certain individuals as paid firemen of said borough for a period of three months from May 21st, 1930, which act, it is alleged, amounted to an improper dismissal of the prosecutors from said positions. There is a stipula-

tion in the record to the effect that the parties desire to have the case treated as if writs had issued and to have the matter determined upon the merits. It would seem that this stipulation disposes of defendant's contention that *certiorari* is not the proper remedy.

The facts appear to be as follows: The borough of Haddonfield has no regularly constituted paid fire department. There is a volunteer company whose apparatus is housed in the Borough Hall. In 1925, without authority of ordinance or resolution, certain members of the volunteer company were temporarily employed as paid firemen on full time. On October 25th, 1926, a resolution was passed by the commissioners providing for the employment of four firemen from November 1st, 1926, to December 28th, 1926. The chief of the volunteer company was to be chief of the paid firemen and the other three were to be selected by vote of the members of the volunteer company. This was the method always used thereafter in selecting the paid personnel, in which changes were made from time to time, and it was because of their failure of re-election that prosecutors were not reappointed in May of 1930. The explanation of the employment of firemen for limited and irregular periods of time is that certain periods were considered danger times. On November 30th, 1926, a resolution was passed providing that the period of time during which the paid firemen should be employed was to be fixed by the commissioners and providing for the addition of two more men on January 1st, 1927. On April 5th, 1927, a resolution was passed decreeing that the danger period be extended from April 1st, 1927, to May 15th, 1927, and on May 10th, 1927, it was by resolution, further extended to June 10th, 1927. On June 14th, 1927, the commissioners being of opinion that the danger was over, the men were dismissed. Three of the four prosecutors were members at that time, and neither they nor the other firemen made any protest at the dismissal at the end of the danger period.

On December 6th, 1927, a resolution was passed providing for the employment of six men for a period of five months commencing December 1st, 1927. Three of the prosecutors

were appointed under this ordinance. On May 15th, 1928, a resolution was passed providing for the employment of six men for one year, the three prosecutors among them. On May 21st, 1929, they were by resolution appointed for another year. On February 18th, 1930, a resolution was passed adding the fourth prosecutor, H. Holloway, to the fire department. No term of office is mentioned, but it seems to be conceded that his position is the same as that of the others. On May 20th, 1930, the commissioners adopted a resolution employing firemen for the ensuing year and the names of the four prosecutors were not among them due to the fact that they had been defeated in the election in the voluntary company. They thereupon sued out the present rules in an attempt to test the validity of their alleged removal from their positions.

1. All four prosecutors are exempt firemen and claim immunity from dismissal under chapter 212 of the laws of 1911. The pertinent part of that act provides:

"1. No person now holding a position or office under the government of this state, or the government of any county, city, town, township or other municipality of this state, or who may hereafter be appointed to any such positions, whose term of office is not now fixed by law, * * * holding an exemption certificate * * * shall be removed from such position or office except for good cause shown after a fair and impartial hearing."

It is first argued that the terms of the positions were not fixed by law at the time the statute was passed in 1911. We do not think that this interpretation has ever been placed on this act. In *Turtur* v. *Turley*, 103 *N. J. L.* 526; 138 *Atl. Rep.* 209, the office of license inspector of Elizabeth was held to have been fixed by law and to be outside the provisions of the above act. There the respondent was appointed for three years on January 1st, 1923, and when another was appointed on January 1st, 1926, he attempted to remain in office as an exempt fireman. The Chief Justice, speaking for the Supreme Court, held that the term of office was fixed by law within the meaning of the above act, and judgment of ouster was given.

It is next contended that the term of office has never been fixed by law. But we think this is not so. Prosecutors cannot go back beyond their re-employment in December, 1927, to establish their rights because they had submitted to the dismissal for a period of six months immediately prior thereto. Each resolution thereafter appointing them and others contained a limitation on the duration of their occupancy of the position. The power of a municipality to fix the term of an office "by law" by ordinance or appropriate action was upheld in *McGrath* v. *Bayonne,* 85 *N. J. L.* 188; 89 *Atl. Rep.* 48. In *Turtur* v. *Turley, supra,* the limitation on the term of office was placed simultaneously with the appointment of Turley. The same thing was done in the instant case and the time during which the prosecutors were to hold the positions to which they were appointed was fixed by law during all the time they held them since December, 1927. The act of 1911 does not, therefore, apply.

2. Prosecutor Day is a world war veteran and claims the benefit of the Veterans' act. The wording of that act is the same as the Exempt Firemen's act and what has been said above applies here.

3. It is claimed that the provisions of the Municipalities act of 1917 (*Pamph. L., ch.* 152, *art.* 17, *p.* 362), respecting fire departments, apply to the instant situation. However, it is clear that this was not a regularly constituted fire department within the meaning of that act. No fire department was created by ordinance. The men hired were on duty only fourteen hours a day. They were not selected in the way that members of regularly constituted fire departments are selected, that is by examination, &c. They were elected by the votes of their fellow volunteers. It appears from the record that in Haddonfield the volunteer company was still in existence and all that was done was that the borough augmented the protection afforded by the volunteers by keeping a few men on duty all day and paid them for it. We do not think that the present situation is covered by the act in question.

The rules to show cause will be discharged, with costs.