LOUIS GIORANDO ET AL., PROSECUTORS, v. JEROME
BRADY, DIRECTOR, ETC., ET AL., DEFENDANTS.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *Spaulding Frazer*.

For the defendant, *James Benny*.

PER CURIAM.

These eight writs of *certiorari* brings up for review the
action of the several directors of the several departments of
the city of Bayonne in dismissing prosecutors from the em-
ploy of the city. The cases are submitted together, and,
raising a point common to them all, may be disposed of as
one case.

The ground of attack is that each of the prosecutors held
a position for an indefinite term and that he was an honor-
ably discharged soldier from the United States service, and
was, therefore, exempt from discharge, except for cause.
4 *Comp. Stat., p.* 4873; 2 *Cum. Supp. Comp. Stat., p.* 3330.

The state of the case exhibits that each of the prosecutors
was employed for a term ending December 31st, 1928, and
was holding under such appointment. Each was dismissed
in May or June, 1931.

Prosecutors contend that the act protects them in their
several places, but we think this is not so. The act in ques-
tion grants immunity from discharge of honorably discharged

veterans without cause only where the term of employment is not fixed by law. When the term of employment is fixed by the governing body, as admittedly occurred in this case, the term is fixed by law. *McGrath* v. *Bayonne,* 85 *N. J. L.* 188; 89 *Atl. Rep.* 48. Hence the provisions of the act do not protect prosecutors in the employment in question.

But prosecutors contend that because they continued in such employment after the time fixed for the determination of such employment, they then had the status of employes holding without the fixing of any term. But our courts have held to the contrary. Where one is employed for a fixed term and continues thereafter to occupy the place without other appointment, he does not acquire any other status than that of a hold-over. And as a hold-over he does not obtain the benefits of the Veterans' act in question. *Biddle* v. *Atlantic City,* 91 *N. J. L.* 679; 103 *Atl. Rep.* 386; *Turtur* v. *Turley,* 103 *N. J. L.* 526; 138 *Atl. Rep.* 209.

We conclude that the writs should be dismissed, with costs.