55 N.J. Super. 469 (1959)
151 A.2d 73
NATHANIEL A. JACOBY, PLAINTIFF,
v.
ROBERT L. BROWN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 7, 1959.
*470 Mr. Nathaniel A. Jacoby, attorney pro se.
Mr. John M. Kolibas, attorney for defendant.
VOGEL, J.S.C.
The issue projected here arises out of a complaint in lieu of prerogative writ filed in behalf of the plaintiff Nathaniel A. Jacoby, who seeks summary judgment declaring the plaintiff as being lawfully entitled to hold the office of magistrate of the Municipal Court of the Borough of Carteret until midnight of May 16, 1959; and also seeking the removal of the defendant Robert L. Brown, the present magistrate for said borough.
The facts indicate that on December 16, 1948 the Borough of Carteret adopted an ordinance pursuant to N.J.S. 2A:8-1, establishing a municipal court. The pertinent part of said ordinance provides:
"Section 1. A Municipal Court for the Borough of Carteret is established as of January 1, 1949."
*471 Section 4 of said ordinance provides:
"There shall be a Municipal Magistrate of the said Municipal Court who shall be appointed by the Mayor with the advice and consent of the Borough Council, and who shall serve for a term of three years from the date of his appointment and until his successor is appointed and qualified."
Pursuant to the terms of the above ordinance the defendant Brown, on January 2, 1950, was appointed by the mayor, with the advice and consent of the borough council, "Municipal Court Magistrate for the term prescribed by law." Three years thereafter the mayor failed to appoint a magistrate, and on April 16, 1953, by reason of the mayor's failure to make such appointment within 30 days after the office became vacant, the council appointed the defendant Brown as magistrate for a period of three years, pursuant to N.J.S. 2A:8-5.
The term of office of the appointee expired April 15, 1956, and a successor to the defendant Brown could have been appointed by the local authority.
The undisputed facts further indicate that the defendant Brown relinquished his office as magistrate on December 31, 1955, and on January 2, 1956 the mayor and council appointed Nathaniel A. Jacoby, this plaintiff, as "Magistrate for the Borough of Carteret for the term prescribed by law."
The record reveals that subsequent to this plaintiff's appointment as magistrate he advised the mayor and council that the three-year term of the defendant Brown did not expire until April 16, 1956, and thereafter this plaintiff, on May 18, 1956, was appointed by the mayor and council to the office of magistrate of the Municipal Court of Carteret "for the term and at the salary prescribed by law, effective January 1, 1956." Subsequent thereto, and on January 1, 1959, the defendant Brown was appointed magistrate of the Borough of Carteret for the full term prescribed by law.
The plaintiff herein contends that the three-year term of his appointment will not expire until midnight May 16, *472 1959, since the defendant's term was for a three-year period beginning April 16, 1953, expiring April 15, 1956. Moreover, the plaintiff contends that the defendant mistakenly relinquished his office December 31, 1955.
The plaintiff injects the premise that his appointment will not expire until May 16, 1959, contending that a vacancy de jure existed in the office of magistrate from April 16, 1956 to May 17, 1956, the latter date being the date of his appointment. In addition, the plaintiff contends that his appointment on January 2, 1956 to the office of magistrate was for the unexpired portion of his predecessor's term of office, which term ended on April 15, 1956. Plaintiff relies on R.S. 40:46-15 as authority for this proposition. The quoted statute provides:
"All vacancies in office in any municipality arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only."
The plaintiff construes the language of the resolution whereby he was appointed on May 17, 1956, as constituting a three-year appointment from this date, albeit the resolution contained the words "effective January 1, 1956." He contends that the reference in the resolution to the language "effective January 1, 1956," does not do violence to the term stated "for the term prescribed by law." He urges further that the primary intent of his appointment, effective May 17, 1956, was an act upon the part of the municipal officials to create a valid appointment.
Defendant contends that N.J.S. 2A:8-5, which prescribes the term of appointment for a magistrate, must be read in conjunction with R.S. 40:46-6 and R.S. 40:46-15, which in essence provide that in those instances except as otherwise provided by law the term of office of all officers elected in any municipality shall commence on January 1 next succeeding their election.
Essentially, the defendant contends that the appointment of a magistrate creates a three year term in the office, rather *473 than in the individual; whereas the plaintiff urges that the appointment of a magistrate creates a three-year term in the individual, rather than in the office.
The position asserted by the defendant is in disregard of N.J.S. 2A:8-2, which specifically provides that the municipal courts shall hereafter be subject to and operate under the provisions of this chapter only (emphasis mine).
In light of the aforesaid provision the court rules as a matter of law that Title 40 of the Revised Statutes has no application to the appointment for the term of office of a municipal court magistrate. Moreover, N.J.S. 2A:8-5 is dispositive of the issue of whether the appointment of a magistrate creates a three-year term in the individual, rather than a three-year term in the office.
The quoted statute in part provides:
"Each municipal court shall have a judge who shall be known as the municipal magistrate. He shall serve for a term of 3 years from the date of his appointment and until his successor is appointed and qualified."
The language above is clear and incisive, creating a three-year term in the individual, rather than a three-year term in the office.
Defendant further contends that the plaintiff's appointment was for a three-year period which commenced January 2, 1956, notwithstanding that the resolution, dated May 17, 1956, appointed the plaintiff for the full term prescribed by law. The latter resolution, by its very terms, provided for the commencement of the term of the plaintiff as municipal court magistrate as of January 1, 1956, and the appointment therefore terminated December 31, 1958. The defendant further contends that if chapter 8 of Title 2A applies exclusively to magistrates, then upon surrender, resignation or death, the office terminates.
This court is of the opinion that the defendant Brown's term, as a matter of law, would not have expired until April 16, 1956, but that the action of the defendant Brown *474 in relinquishing his position as magistrate on December 31, 1955, and communicating that fact to the appointive authority, constituted a resignation on his part from his office and the duties of the same.
This court is likewise of the opinion that Chapter 8 of Title 2A applies exclusively to magistrates, and that the contention that Title 40 of the Revised Statutes applies is untenable.
The court is of the further opinion that the resolution adopted by the mayor and council of the Borough of Carteret on January 2, 1956 constituted a valid appointment to the office of magistrate in said borough of the plaintiff Jacoby, and that the subsequent action upon the part of the municipal officials appointing the plaintiff Jacoby to the position of magistrate, is of no effect.
For the reasons assigned it becomes unnecessary to decide the other issues raised by the parties hereto.
The plaintiff's demand for summary judgment is denied, and the defendant's cross-motion for summary judgment is hereby granted.