H. RONALD LEVINE, PLAINTIFF, v. MAYOR OF THE CITY OF PASSAIC, CITY COUNCIL OF THE CITY OF PASSAIC AND THE CITY OF PASSAIC, DEFENDANTS.

Superior Court of New Jersey
Law Division Passaic County

Decided May 11, 1988.

560

*Louis P. Bucceri* for plaintiff (*Bucceri & Pincus,* attorneys).

*John P. McKniff* for defendant Mayor of the City of Passaic.

MARTIN, J.S.C.

The parties to this action, by way of cross motions for summary judgment, seek from the court (counts 1 and 2 of plaintiff's complaint) a ruling of whether *N.J.S.A.* 2A:8–5 can be limited in its term application by the appointing and confirming authority, in this instance, defendants, the Mayor and Council of the City of Passaic.

*N.J.S.A.* 2A:8–5 provides in part:

Each judge of the municipal court shall serve for a term of three years from the date of his appointment and until his successor is appointed and qualified.

Defendants, on October 1, 1987, reappointed plaintiff, a sitting municipal judge, to a qualified term of office by making it partially retroactive to January 16, 1985 and partially prospective to January 15, 1988, a period of three years. It is undisputed that plaintiff has served continuously as municipal judge in the City of Passaic since November 1975. The appointment of plaintiff prior to the one in dispute was for a term of three years, ending January 14, 1985. Since that date, plaintiff has been serving in a hold-over capacity, receiving his full salary and benefits.

On October 1, 1987 the mayor exercised his power under the statute in question by selecting plaintiff to continue to serve as municipal judge. By resolution, the city council approved the selection. Both the appointing and confirming authority, however, limited plaintiff's term of service as previously indicated.

Since the essential facts necessary to resolve the issues presented are not in dispute, summary disposition is appropriate. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67 (1954). Plaintiff contends that the statute is clear in its terms and cannot be limited in its application, and any attempt to do so would require a severance of the limited term. Defen-

dants argue that the limiting intent of the appointing authority controls. They further state that if the term limitation is legally deficient, the appointment is *ultra vires* and without force and effect.

It is clear that the appointing power of defendants comes solely via a state statute. *N.J.S.A.* 2A:8–5 is the power source for defendants' acts and the included specific phrase;

> ... shall serve for a term of three years from the date of his appointment and until the successor is appointed ...

is critical to a resolution of the dispute.[1] The intent of the Legislature in providing this empowering state statute controls. *A.M.N., Inc. of New Jersey v. South Brunswick Tp. Rent Leveling Bd.*, 93 *N.J.* 518 (1983).

> The sense of a law is to be gathered from its *object* and the nature of the subject matter, the contextual setting, and the statutes *in pari materia.* [*State v. Brown*, 22 *N.J.* 405, 415 (1956); emphasis supplied].

If the language is clear, the court may not ignore it in its construction process. *Bravand v. Neeld*, 35 *N.J.Super.* 42 (App.Div.1955). For purposes of construction, a distinction must be drawn between evaluating municipal enactments based upon the general police powers provided to a local government, and a review of specific state empowering statutes which form the sole basis for municipal action. The review of municipal functions is somewhat circumscribed. *H.P. Higgs Company, Inc. v. Borough of Madison*, 184 *N.J.Super.* 355 (Law Div. 1982), aff'd in part, rev'd in part 188 *N.J.Super.* 212 (App.Div. 1983), certif. den. 94 *N.J.* 535 (1983), and generally should not result in a redrafting exercise. *Jantausch v. Borough of Verona*, 41 *N.J.Super.* 89 (Law Div.1956), aff'd 24 *N.J.* 326 (1957). Whereas, specific empowering state statutes require compliance by the subsidiary authority. *Kagan v. Caroselli*, 30 *N.J.* 371 (1959).

---

[1] The exception in *N.J.S.A.* 2A:8–5, reference appointment, "other than expired term," is also instructive as to the power delegated.

The operative language, "three years from the date of his appointment" is affected by the conjunctive phrase "and until the successor is appointed." This language clearly implies a legislative intent of service continuity. An independent judiciary could not survive without it. As stated in *Krieger v. Jersey City*, 27 *N.J.* 535 (1958):

... Their independence [speaking of the local courts] from local influences is furthered by security in office, and there can be no doubt from the preamble and the overall provisions of the 1948 Act that the Legislature intended to protect local courts from political interference.... and hence, we may not properly read into the Act a delegation of power for which the defendant contends. [at 543–544]

With this evident intent, it is clear that the local appointing authority must follow the literal language of the statute.[2] Each appointment must be for three years.[3] The continuity of office is assured via hold-over status—a legally operative position, which is time oriented. Actions taken by the court during this period are valid.

Failure to appoint or elect a successor at the end of a defined period does not usually cause a vacancy where the officer is to hold over until his successor is elected or appointed and qualified. *Stevens v. Haussermann*, 113 *N.J.L.* 162; 172 *A.* 738 (1934); *Biddle v. Atlantic City*, 91 *N.J.L.* 679, 103 *A.* 386 (E. & A.1918). Therefore, the time an officer holds over the designated period is as much his term of office as that which precedes the date of which the new election or appointment should be held or made. [3 *McQuillin, Municipal Corporations*, § 12.110 at 424–425]

This is the situation at hand. Plaintiff was acting as a hold over with all the rights and powers he enjoyed prior to the date at which a new appointment should have been made. There exists, therefore, no need to cover the hold-over period with a retroactive appointment. *N.J.S.A.* 2A:8–5 is prospective only in

2The procedure is specifically outlined in *N.J.S.A.* 2A:8–5, providing "each judge of a municipal court of a single municipality shall be appointed as follows: In municipalities governed by a Mayor/Council form of government by the Mayor with the advice and consent of Council."

3The specific exception in *N.J.S.A.* 2A:8–5 is inapplicable, *i.e.*, filling a vacancy which is other than an expired term. However, this covered exception points out the specificity of the statute under review.

its operative terms. The language is clear and unambiguous for a period of *"three years from the date of his appointment."* Emphasis supplied. This is especially evident since plaintiff was an existing legal office holder. The office was not vacant, nor was it one of a new creation. The attempted appointment to a specific term other than that provided by the statute is without force or effect. Here, the appointing authority chose an appointee evidencing their agreement as to qualification—the only discretionary act for their evaluation. Having made this determination, they cannot thwart the empowering statute's term proviso as agents for implementing a state mandate.

There remains for consideration whether attempted term limitations render the appointing process void or subject it to remedial action by the court.

For purposes of determining whether the attempted term limitation can be excised from the resolution, it is relevant to mention that "the rules of construction which apply to statutes and municipal ordinances apply equally to municipal resolutions." *McGonnell v. Commissioners of Orange*, 98 *N.J.L.* 642 (Sup.Ct.1923). In order for the court to be able to sever or excise a void provision or clause from such a resolution, two criteria must be found to coexist. First, there must be a legislative intent that it be severable[4], and second, the remaining provisions must be functionally self-sufficient or contain the essentials of a complete enactment. *Gross v. Allen*, 37 *N.J.Super.* 262 (App.Div.1955). The legislative intent contained in the first criterion is determined on the basis of whether the objectionable feature of the resolution can be excised without substantial impairment of its principal object or purpose. *Affiliated Distillers Brands Corp. v. Sills*, 60 *N.J.*

[4]For purposes of determining the legislative intent, the court must look to the appointing authority as a whole, that is, the mayor who makes the nomination and the town council who accepts or rejects that candidate.

342 (1972). See also *Angermeier v. Sea Girt*, 27 *N.J.* 298 (1958), holding, "where the principal object of the statute is constitutional and the objectionable feature can be excised without substantial impairment of the general purpose, the statute is operative except insofar as it may contravene fundamental law." (*Id.* at 311 citing *St. John the Baptist Greek Catholic Church of Perth Amboy v. Gengor*, 121 *N.J.Eq.* 349 (E. & A.1937), *State v. Doto*, 10 *N.J.* 318 (1952)).

It is clear from the reading of the empowering statute that the principal object of any resolution passed pursuant to the municipal authority under *N.J.S.A.* 2A:8–5 would be to appoint an individual as a municipal court judge. This is the only action that can be taken pursuant to this statutory grant of authority, and is therefore, the principal object of any resolution passed pursuant thereto.

Turning to the second criterion, a determination must be made as to the sufficiency of the remaining enactment. Courts will enforce severability where the invalid portion is independent and the remaining portion forms a complete act within itself. *Inganamort v. Borough of Fort Lee*, 72 *N.J.* 412 (1977).[5] What would remain of the enactment after the severance of the limiting provision would be an appointment of plaintiff to the position of municipal court judge for a term to be governed by the statute. This is more than simply the remainder which forms a complete enactment. It is the only act the municipality had the power to do under the empowering statute. Not only do we have a complete enactment, but it is precisely what the municipality had the power to enact. The appointee was nominated, that nomination was approved by the city council, and therefore, plaintiff is to be appointed to the office for a term to be controlled by the parameters of the

---

[5]This "conclusion" is reached without evaluating the subsequent resolution dated November 5, 1987 of the city council to the effect they did not want a limited term appointment.

empowering statute; for a term of three years from the date of his appointment.

█ A further defense contention is that if the court finds that defendants did not have the power to make a "conditional" appointment, its actions would be *ultra vires* and, therefore, fall *in toto*. On a definitional level,

> the phrase '*ultra vires*' has been used to designate not only acts beyond the express and implied powers of the corporation but also acts contrary to public policy or contrary to some express statute prohibiting them. The latter class of acts is now termed illegal, and the *ultra vires* confined to the former class. ·[*Black's Law Dictionary*, (4 ed. 1968) at —]

Whether the appointment is beyond the express or implied power of the municipal authority must be addressed. The statute, *N.J.S.A.* 2A:8–5, makes it very clear that the appointment for three years rests in the individual and not in this office, *Jacoby v. Brown*, 55 *N.J.Super.* 469 (Law Div.1959), thus making it necessary and against the obvious intent of the statute to appoint retroactively and cover a term where plaintiff was already legally serving in a hold-over capacity. The intent of such legislation is to keep the local courts free from political influence by virtue of heightening the municipal judge's security in office. *Krieger v. Jersey City*, 27 *N.J.* 535 (1958). To allow the local governing body to make a limited appointment would allow the local governing body while exercising a "legal authority" to thwart the intent of the statute by limiting its appointments to terms of less than the required three years. Thus, while the action taken by defendants is technically beyond the statute, it is not *ultra vires* —beyond the appointing authorities' given power.

The power exists and was exercised—that in and of itself is not beyond statutory authority. The manner of its exercise has been properly addressed in the severance holding by the court. The severance results in a proper exercise of the municipal authority under law. The action is not void *in toto*. The appointment is not illegal, but is legal with the remedial step of severance necessary for correct statutory application. This

correction being feasible, the appointment will run for three years, starting from October 1, 1987.

An order will be submitted in accordance with the holding herein expressed.