AFFILIATED DISTILLERS BRANDS CORP., A CORPORA-
TION OF THE STATE OF NEW YORK, RESPONDENT-
CROSS-APPELLANT, v. ARTHUR J. SILLS, ATTORNEY
GENERAL OF THE STATE OF NEW JERSEY, AND
JOSEPH P. LORDI, DIRECTOR OF THE DIVISION OF
ALCOHOLIC BEVERAGE CONTROL OF THE DEPART-
MENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY,
APPELLANTS-CROSS-RESPONDENTS.

Argued September 29, 1970 and March 6, 1972—Decided April 5, 1972.

*Mr. Charles Danzig* argued the cause for the Respondent-Cross-Appellant (*Messrs. Riker, Danzig, Scherer & Brown,* attorneys).

*Mr. Alfred C. Clapp* argued the cause for the Intervenors (*Messrs. Clapp & Eisenberg,* attorneys; *Mr. Alfred C. Clapp* and *Mr. Stuart L. Pachman* of counsel).

*Mr. Elias Abelson,* Assistant Attorney General, argued the cause for the Appellants-Cross-Respondents (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. David S. Piltzer,* Deputy Attorney General, on the brief).

*Mr. John J. Francis, Jr.* argued the cause for Certain Wholesalers as Amicus Curiae (*Messrs. Shanley & Fisher,* attorneys; *Mr. Harold H. Fisher* and *Messrs. Pitney, Hardin & Kipp* by *Mr. S. Joseph Fortunato,* of counsel; *Mr. John J. Francis, Jr.* on the brief).

PER CURIAM. We originally held in this case that the tied-house prohibition in the first amendatory paragraph of Chapter 58 of the Laws of 1966, amending *N. J. S. A.* 33:1–43, was valid but that the "grandfather clause" therein was unconstitutional. We further held that this clause was severable from the main body of the aforesaid paragraph. 56 *N. J.* 251 (1969). The facts are fully recited in our earlier opinion and need not be repeated here.

Subsequent to our decision several wholesale licensees who would be protected by the "grandfather clause" moved to intervene on the ground that they had not been heard and that the effect of our decision would jeopardize their businesses. Leave to intervene was granted and the effect of the decision was stayed. The intervenors and the plaintiff, Affiliated Distillers Brands Corp., then petitioned for a rehearing. After oral argument thereon, we reserved decision on the petitions and remanded the matter to the Chancery Division for testimony with respect to the identity, interest and volume of business of the persons affected by the "grandfather clause" and with respect to the identity, interest and volume of business of the holders of Class A licenses (*N. J. S. A.* 33:1–10) as of the date of the passage of Chapter 58. We also continued the stay until further order. On the return of this testimony to us, we directed further argument as if the petitions for rehearing had been granted. We grant the petitions and proceed to consider the points raised thereby in the light of the additional evidence.

The plaintiff now urges us to reverse our earlier holding regarding the constitutionality of the tied-house prohibition of the first amendatory paragraph of Chapter 58. Alternatively, it argues that the "grandfather clause" is uncon-

stitutional, but that we erred in finding it severable from the remainder of the statute. Defendants, the Attorney General and the Director of the Division of Alcoholic Beverage Control, ask us to reexamine the constitutionality of the "grandfather clause" only and to reverse our earlier opinion that that clause was invalid. Intervenors take the position that the "grandfather clause" is constitutional but that if it is held to be invalid, it is not severable and the entire provision must fall. In other words, they contend the provision must stand or fall in its entirety. Finally, amicus curiae, representing "certain wholesalers," asserts that the original decision was correct in all respects or, alternatively, that we should reverse only that part thereof which held the "grandfather clause" unconstitutional.

After a full review of all the evidence presented on remand, we are satisfied that our original decision that the "grandfather clause" was unconstitutional should not be disturbed. However, the evidence has raised a substantial question regarding the severability of the "grandfather clause" from the remainder of the statute. When this case was originally argued before us, we were led to believe that only a "handful of manufacturers" having a relatively small share of the market would be affected by our decision. Evidence on remand has shown this to be incorrect. It now appears that about one-third of those holding wholesale licenses representing at least 15% of the sales of spirits and at least 25% of the sales of wine would be protected by the "grandfather clause" if it were valid.

Severability is a question of legislative intent. That intent must be determined on the basis of whether the objectionable feature of the statute can be excised without substantial impairment of the principal object of the statute. 56 *N. J.* at 265; *N. J. Chapt., Am. I. P. v. N. J. State Bd. of Prof. Planners,* 48 *N. J* 581, 593, appeal dismissed and cert. denied, 389 *U. S.* 8, 88 S. Ct. 70, 19 *L. Ed. 2d* 8 (1967) ; *Angermeier v. Borough of Sea Girt,* 27 *N. J.* 298, 311 (1958). To justify severance of a part of a statute "there

must be such a manifest independence of the parts as to clearly indicate a legislative intention that the constitutional insufficiency of the one part would not render the remainder inoperative." *Washington National Ins. Co. v. Board of Review,* 1 *N. J.* 545, 556 (1949); *Yanow v. Seven Oaks Park, Inc.,* 11 *N. J.* 341, 361 (1953).

In our original decision we stated that "the principal object of the first amendatory paragraph of Chapter 58 is the prohibition of tied houses between manufacturers and wholesalers. That object will not be impaired by the invalidation of the included grandfather clause which, in creating an exception, is at odds with the clear purpose of the statute." 56 *N. J.* at 265. As we have said, we originally were led to believe that the invalidation of the "grandfather clause" would protect a mere "handful of manufacturers" and its invalidation would not frustrate the principal object of the statute. However, as we have also said, the evidence adduced on remand indicates that this is not so. The critical question which must be reconsidered in the light of this evidence is whether the Legislature would have intended the paragraph to stand absent the offending clause.

In view of the proofs that a large number of "grandfathers" holding a substantial volume of the business would be adversely affected by a decision that the "grandfather clause" was severable, we cannot say with assurance that the Legislature would have intended the remainder of the statute to stand alone. Where there is doubt, as here, we believe that we should treat the paragraph as an entity rather than sever the offending part. Were we to do otherwise, we might usurp the legislative function of lawmaking. See *N. J. Chapt., Am. I. P. v. N. J. State Bd. of Prof. Planners, supra,* 48 *N. J.* at 594.

Since we conclude that the "grandfather clause" may not be severed and since we adhere to our earlier determination that such clause is unconstitutional, it follows that the entire first amendatory paragraph of the statute, including the tied-house prohibition, must fall. In view of this conclusion,

we need not here reconsider the constitutionality of the tied-house prohibition.

The judgment contained in Part *VI* of our former opinion reported in 56 *N. J., supra* at 266, is amended to declare that the first amendatory paragraph of Chapter 58 of the Laws of 1966 is invalid in its entirety. No costs to any party.

*For affirmance*—PROCTOR, HALL, SCHETTINO, MOUNTAIN and HANEMAN—5.

*For reversal*—None.