123 N.J. Super. 422 (1973)
303 A.2d 351
SEA ISLE CITY, PLAINTIFF,
v.
CAROLINE M. CATERINA, DEFENDANT.
Superior Court of New Jersey, Cape May County Court, Criminal Division.
Decided March 30, 1973.
*425 Daryl F. Todd for plaintiff (Gibson, Previti & Todd, attorneys).
Mr. Edward R. Doughty for defendant (Messrs. Perskie & Callinan, attorneys).
STALLER, J.C.C.
Caroline M. Caterina appeals from a municipal court conviction for violation of section 3 of ordinance 465 of the City of Sea Isle City in that she refused to wear a beach badge on the beach in said city.
There is no disagreement as to the facts. Simply stated, Mrs. Caterina duly made application for, paid the requisite *426 fee and secured the beach badge specified in the ordinance, but on the day she was accosted by the inspector she was not wearing it and she told the inspector, the supervisor of inspection and a police officer that she would not wear it because she considered the ordinance unconstitutional. She was removed from the beach, charged with violating the pertinent section of the ordinance and, at the hearing, presented no testimony but argued the unconstitutionality of the ordinance, reserving her right to raise the constitutional issues on appeal. She was found guilty of the charge, fined $25 and assessed $10 as costs.
Defendant contends the following sections of the ordinance are discriminatory and do not apply equally to all persons or classes of persons:

§ 2. Fees and Charges
* * * the following fees shall be charged for [beach] facilities * * *

* * * * * * * *
(b) $2.50 per person per season provided that application is made to the proper authorities on or before May 31 of the bathing season.
(c) $5.00 per person in the event that application is made to the proper authorities subsequent to the 31st day of May of the bathing season.
(d) $1.00 per person per week for any week or fractional part thereof the bathing season. Weekly badges shall be valid from noon Saturday until noon of the following Saturday.
(e) Any person owning property within the City of Sea Isle City or occupying property within said City under a written lease may purchase additional seasonal badges under this section for use by members of their family. In addition thereto, any person owning property within the City of Sea Isle City or occupying property within said City under a written lease may purchase additional badges under this section for their non-paying guests so long as the number of badges purchased do not exceed six (6) in number. Any badges purchased pursuant to this subdivision must be made upon written application and upon a showing of proof of ownership of property or occupancy pursuant to a written lease within said City * * *.
At the very outset it is urged by Sea Isle City that defendant has no standing to contest the constitutionality of the ordinance because she admitted having purchased the beach badge as required by the ordinance but refused to wear it *427 in violation of section 3 of the ordinance dealing only with the display of beach badges on the person. The city contends this is the only issue on appeal. It is to be noted that defendant argued constitutionality and reserved her right to present such questions on appeal. Moreover, she has been aggrieved by the ordinance, having been arrested and fined. Cine-Com Theatres Eastern State Inc. v. Lordi, 351 F. Supp. 42 (D.N.J. 1972) Edelstein v. Ferrell, 120 N.J. Super. 583 (Law Div. 1972). Defendant has standing to contest the validity and constitutionality of all portions of the ordinance.
Ordinance 465, as amended by ordinance 478, was adopted pursuant to legislative authority granted by L. 1955, c. 49, and is known as N.J.S.A. 40:61-22.20. The legislative enactment was created to enable municipalities to secure funds to improve, maintain and police their lands or easement rights in such lands bordering on the ocean, tidal water bays or rivers, for places of resort for public health and recreation.
Our Supreme Court, in Neptune v. Avon-by-the-Sea, 61 N.J. 296; 294 A.2d 47 (1972), in holding Avon's ordinance invalid as discriminatory between residents and nonresidents, discussed the statute and stated:
[W]e see no legislative intent therein to authorize discrimination in municipal beach fees between residents and non-residents. The statute amounts to a delegation to a municipality having a dedicated beach (dry sand area) of the State's police power over that area and the tide-flowed land seaward of the mean high water mark; the proviso indicates an affirmation of the State's paramount interest and inherent obligation in insuring that such seaward land be equally available for the use of all citizens.
Presenting this decision, defendant contends the ordinance is unconstitutional in that it discriminates against nonresidents.
Specifically, she argues that subsections 2(b) and (c) discriminate in that they provide for a difference in costs of a seasonal badge depending on the date on which it is purchased (i.e. before May 31 the cost is $2.50; after May 31 *428 the cost is $5). From this she reasons that nonresidents are discriminated against because it is easier for residents to make the purchase before May 31 than for nonresidents, thus violating the equal protection and due process of law.
In Washington National Ins. Co. v. Board of Review, 1 N.J. 545 (1969), the Supreme Court stated:
While the due process and equal protection guaranties are not coterminous in their spheres of protection, equality of right is fundamental in both. Each forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances.
This court's determination of the constitutionality or unconstitutionality of any municipal ordinance must be guided by certain principles governing the burden of proof to establish unconstitutionality. The first principle is that a municipal ordinance will be presumed to be reasonable in the absence of clear proof to the contrary. State v. Ulesky, 100 N.J. Super. 287, 301 (Cty. Ct. 1968), rev'd on other grounds 54 N.J. 26; Johnson v. Montville Tp., 109 N.J. Super. 511, 519 (App. Div. 1970); Gilman v. Newark, 73 N.J. Super. 562, 582 (Law Div. 1962). Furthermore, the ordinance is cloaked with a strong presumption of constitutionality, and it should not be declared void by a County Court or any other court of limited jurisdiction unless its repugnancy to the Constitution is clear beyond a reasonable doubt. State v. Ulesky, supra, 100 N.J. Super. at 295-296. That is, where there are two possible interpretations, that which will uphold the ordinance is to be adopted in preference to one under which the ordinance would be unconstitutional. Gilman v. Newark, 73 N.J. Super. 562, 598-599 (Law Div. 1962). In fact, the cardinal principle of statutory construction must be to save and not to destroy, and the duty of the court is to strain if necessary to save an act or ordinance, not to nullify it. New Jersey Sports and Exposition Authority v. McCrane, 119 N.J. Super. 457, 591-592 (Law Div. 1971), aff'd but mod. on other grounds, 61 N.J. 1.
*429 Specifically, in regard to the burden of proving a violation of equal protection of the law, the governing principle is that stated in the recent case of Borland, Jr. v. Bayonne Hospital, 122 N.J. Super. 387 (Ch. Div. 1973):
The requirement of equal protection is satisfied if all persons within a class, reasonably selected, are treated alike. And a classification is reasonable if it rests upon some grounds of difference having a real and substantial relation to the basic object of the particular enactment or on some relevant consideration of public policy. If there is a reasonable distinction, there is no oppressive discrimination. The Legislature has a wide range of discretion in this area and distinctions will be presumed to rest upon a rational basis if there be any conceivable state of facts which would afford reasonable support for them.
In assailing the statutory scheme which compels different rates on the grounds that it violates the equal protection and due process clauses of the Fourteenth Amendment, the defendant must carry the burden of showing that the classification, which results in more favorable rates to people who buy season badges before May 31, does not bear a reasonable relation to a permissible legislative objective. Borland v. Bayonne Hospital, supra, at 397. This court interprets the word "legislative" in Borland to apply to municipal ordinances as well as state legislative acts.
While defendant contends that section 2(b) and (c) unreasonably discriminate, the city states that it has reasonable grounds to use May 31 as a cut-off date between the charging of $2.50 and $5 for seasonal badges. It contends that in order to adequately provide the financial means to keep up the beaches, guard them and otherwise police and maintain them, it must have some idea of the number of people who will avail themselves of this service. It therefore uses the May 31 date in order to estimate the number of people it will have to serve and protect during the summer, in order to provide financing and personnel for these services. People who apply for badges after May 31, then, will require protection and services not provided for initially, based on the *430 pre-May 31 sales of badges. The May 31 deadline is therefore used as an incentive to the people who will visit Sea Isle City in the summertime to get their badges early so that they will be adequately protected and provided for when they wish to avail themselves of that city's beaches.
There is no requirement in the ordinance, nor was there any evidence presented at the hearing on this appeal, that applications are required to be made in person to the city. Applications may be made by mail for beach badges and the badges may be returned to applicants through the mails, so that nonresidents may avail themselves of the pre-May 21 amount, thus benefitting themselves and the city.
Since there is reason for and process of administration of seasonal beach badges as provided in subsection 2(b) and (c) of the ordinance, a reasonable classification having a real and substantial relation to the improvement, maintenance, protection and policing of its beaches for the benefit of all users thereof exists, and this court finds that the differences in costs of seasonal beach badges purchased before and after May 31 is not discriminatory. The holding in Neptune v. Avon-by-the-Sea, supra, is inapposite as to section 2(b) and (c).
The next contention of defendant is that section 2(d) of the ordinance unreasonably discriminates, not on its face but in its application. The defense argues that the weekly badges' starting time of noon on Saturday until the next Saturday noon unreasonably discriminates because it compels a person wishing to spend the entire weekend on the beach, from Friday afternoon until Sunday evening, to buy two weekly beach badges. This court takes judicial notice of the fact that the beaches of our shore resorts are much more densely populated on weekends in the summer than on weekdays, and that the large majority of the weekend growth is due to people spending only the weekend at the shore.
To refute the charge of unreasonable discrimination in weekly badges, the city argues that its basis of noon Saturday as the beginning and end date of the weekly badges is *431 the fact that most rentals of housing facilities begin and end on noon Saturday.
The argument of the city is not accepted by this court Basing the beginning and end of the effectiveness of a weekly badge, so as to split up a weekend, thereby causing someone who uses the beaches of that city for one weekend to be forced to buy two weekly badges, is unreasonable both on its face and in its application. The second sentence of section 2(d) is unreasonable and discriminatory; it is therefore unconstitutional and invalid. See Borland v. Bayonne Hospital, supra, 122 N.J. Super. at 397.
The defense contends, further, that section 2(e) and any other portion of the ordinance referring to section 2(e), is discriminatory against nonresidents on its face. The city concedes that Section 2(e) is unconstitutional; and this court agrees. There is no rational basis for that section and it does indeed discriminate unreasonably against nonresidents. Neptune v. Avon-by-the-Sea, supra.
The contentions that sections 3, 5(d) and 7 are unreasonable are without merit. The requirement to display the badges is a reasonable way of enforcing and administering the statutorily permissible user fee, and the penalties of a maximum fine of $500 or maximum imprisonment of 90 days or both, fixed for violation of the various valid sections of the ordinance, are reasonable sanctions against offenders.
This court finds as unconstitutional and invalid the following portions of sections of ordinance 465 as amended by Ordinance 478:
The second sentence of section 2(d), section 2(e), section 5(a) commencing with the word "however" to the end of subsection (a), and section 5(b) commencing with the word "except" to the end of subsection (b).
The ordinance as amended contains no severability clause, and it is the contention of defendant that where parts of an ordinance have been declared invalid, and there is no provision *432 saving the ordinance in the event a portion is declared invalid, the entire ordinance must fall.
It remains to be determined whether the declaration as invalid of the portions of the ordinance above referred to, has devitalized the ordinance to such a degree that it is no longer viable.
Our Supreme Court in Washington National Ins. Co. v. Board of Review, 1 N.J. 545 (1949), stated:
Severability is a question of intention.... The rule of severance is in aid of the intention; and to be capable of separate enforcement, there must be such manifest independence of the parts as to clearly indicate a legislative intention that the constitutional insufficiency of the one part would not render the remainder inoperative. The doctrine of separability is one to be applied with caution, for in the enforcement of valid elements of a statute containing invalid elements also, there is a danger of judicial usurpation of the legislative power. [at 556]
See also Affiliated Distillers Brands Corp. v. Sills, 56 N.J. 251, 265 (1970); 60 N.J. 342, 345-346 (1972). This rule also applies to municipal ordinances. Gilman v. Newark, 73 N.J. Super. 562, 600 (Law Div. 1962); Tagmire v. Atlantic City, 35 N.J. Super. 11, 23 (App. Div. 1955). Conversely, where the provisions of an ordinance are separable, the invalidity of one or more of the separate parts does not render the entire ordinance invalid, provided the remainder contains the essentials of a complete enactment. Gilman v. Newark, 73 N.J. Super. supra, at 601; Kennedy v. Newark, 29 N.J. 178 (1959).
Ordinance 465, as amended, with the provisions designated above as invalid deleted, still contains the essentials of a complete enactment under the authority of N.J.S.A. 40:61-22.20. Those provisions declared invalid are separable from the ordinance and the ordinance is not, thereby, devitalized. With those provisions deleted, it is still a valid ordinance; and it is, with those deletions, still in full force and effect in Sea Isle City.
*433 Since ordinance 465, as amended, is valid, with the deletions enumerated above, and since defendant was arrested, charged and convicted under a section of that ordinance which has been held valid by this court, the conviction of defendant for failure to wear and display on her person, while on the beach in Sea Isle City on August 2, 1972, and the fine of $25 and the assessment of costs in the amount of $10 on such conviction, is affirmed.