149 N.J. Super. 143 (1977)
373 A.2d 433
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAY MIZRAHI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 1977.
Decided April 4, 1977.
*144 Before Judges LORA, CRANE and MICHELS.
Messrs. Valore, McAllister, DeBrier, Aron and Westmoreland, attorneys for appellant (Mr. Thomas J. Vesper on the brief).
Mr. David R. Fitzsimons, Jr., attorney for respondent.
PER CURIAM.
Defendant was convicted in the municipal court of Margate City of using the beach without having purchased a beach badge, in violation of the city ordinance, and refusing to leave the beach when asked to do so by a member of the beach patrol. The testimony showed that defendant was lying on a towel without a beach tag, the towel being on the "foreshore," i.e., to the seaward side of the mean high tide line. He was fined $100 plus $10 costs. Defendant appealed to the Atlantic County Court and, following a trial de novo on the record, the judgment *145 of conviction was affirmed and the same penalties were imposed.
On appeal defendant contends that the Margate ordinance does not apply to the general public who use only the waters of the Atlantic Ocean and foreshore, in that the State of New Jersey is the owner of the Atlantic foreshore in trust for the benefit of the citizens of the State and Margate does not hold a riparian grant from the State for that portion of the foreshore where defendant was reclining. From these premises defendant argues Margate City is without authority to charge a fee for the use of the Atlantic foreshore.
Defendant further contends that the ordinance is invalid under the Due Process Clause of the 14th Amendment in that it is unconstitutionally vague and uncertain as to the littoral boundaries of its paid beaches. He also asserts that the ordinance infringes on the Equal Protection Clause of the 14th Amendment and the equitable and legal right of the general public to use and to pass and repass uninterruptedly along the foreshore of the Atlantic Ocean without the burden of municipal fees; that by virtue of the jus publicum and public trust doctrines, the general public has a paramount legal and equitable right to the free use of the foreshore of the Atlantic Ocean, which foreshore bordering Absecon Island has by custom and/or dedication become a free public area.
It is noted that the ordinance in question applies with equal force to both residents and nonresidents and its fee schedule does not discriminate against nonresidents in any respect or by charging them a higher fee. See Neptune City v. Avon-by-the Sea, 61 N.J. 296, 310 (1972); Brindley v. Lavallette, 33 N.J. Super. 344 (Law Div. 1954); Sea Isle City v. Caterina, 123 N.J. Super. 422 (Cty. Ct. 1973), and cf. Van Ness v. Deal, 145 N.J. Super. 368 (App. Div. 1976).
In view of the circumstances of this case we need not reach nor do we seek to resolve the issue of the right of *146 the general public to merely pass and repass along the foreshore of the Margate City beaches undeterred by the assessment of municipal beach fees, as distinguished from the right to use such beach facilities with the attendant benefits of municipal services  the cleaning and maintaining of the beach and lifeguard services at municipal expense.
We have considered the several contentions of defendant and find them to be without merit. R. 2:11-3(e)(2); N.J.S.A. 40:61-22.20, N.J.S.A. 40:185-4, 5 and Neptune City v. Avon-by-the Sea, supra.
Affirmed.