**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2319-22

REBECCA J. REED and AMANDA
M. CURRY, on behalf of themselves
and all other class members similarly
situated,

     Plaintiffs-Appellants,

v.

ELIZABETH M. MUOIO,
Treasurer of the State of New
Jersey, CAROLINE BENSON,
Acting Chief Financial Officer/
Treasurer of the Borough of
Middlesex, COLLEEN LAPP,
Director/Chief Financial Officer
of Middletown Township, on
behalf of themselves, and all
other defendant class members
similarly situated, GLENN A.
GRANT, J.A.D., Administrative
Director of the Courts, N.J.,
Administrative Office of the
Courts, B. SUE FULTON,
Chief Administrator, New Jersey
Motor Vehicle Commission, a body
corporate and politic and an
instrumentality of the State of New
Jersey, MERARI GAUD, Court

Administrator, Borough of Middlesex
and KATE CHIEFFO, Court Administrator,
Middletown Township, on behalf of
themselves and all others similarly situated,

Defendants-Respondents.

_____

Argued January 8, 2024 – Decided October 29, 2024

Before Judges DeAlmeida, Berdote Byrne, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket Nos. L-0857-21 and L-0993-21.

Richard Galex and Joseph M. Pinto argued the cause for appellants (Lomurro, Munson, Comer, Brown & Schottland, LLC, and Polino and Pinto, PC, attorneys; Richard Galex, Matthew A. Schiappa, Christina Vassiliou Harvey and Joseph M. Pinto, on the briefs).

Phoenix N. Meyers, Deputy Attorney General, argued the cause for respondents Elizabeth M. Muoio, Glenn A. Grant, and B. Sue Fulton (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel; Phoenix N. Meyers, on the brief).

Matthew R. Flynn argued the cause for respondents Caroline Benson, Merari Gaud, and the Borough of Middlesex (Savo Schalk, attorneys, join in the brief of respondents Elizabeth M. Muoio, Glenn A. Grant, and B. Sue Fulton).

Dana Citron argued the cause for respondents Colleen Lapp, and Kate Chieffo (Spiro Harrison & Nelson,

2

attorneys, join in the brief of respondents Elizabeth M. Muoio, Glenn A. Grant, and B. Sue Fulton).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiffs Rebecca J. Reed and Amanda M. Curry appeal from five orders of the Law Division dismissing their original and amended complaints for failure to state a claim upon which relief can be granted. The complaints alleged a class action seeking the refund of a $25 surcharge assessed against plaintiffs and similarly situated class members as a penalty for their convictions of driving while intoxicated (DWI), N.J.S.A. 39:4-50(a). The Legislature authorized the surcharge at the same time it enacted a statute mandating municipalities install mobile video recording systems (MVRS) in new police vehicles. The statute authorizing the surcharge directs that it be collected by municipalities and used for the purpose of fulfilling the MVRS installation mandate.

The New Jersey Council on Local Mandates (Council) invalidated the MVRS installation mandate, finding that the surcharge was wholly insufficient to cover the cost of installing MVRS in new municipal police vehicles. The Council also purported to "render nugatory" the DWI surcharge. Plaintiffs allege they and other class members are entitled to a refund of surcharges imposed on them in light of the Council's decision.

3

While the Council had the constitutional authority to invalidate the MVRS installation mandate, we conclude it exceeded its authority when it purported to invalidate the legislatively-designated funding source for the mandate. In addition, we conclude the Council does not have the authority to invalidate a legislatively-approved sanction for a quasi-criminal conviction. We therefore hold that the surcharge remains a sanction for DWI and a source of funding in those instances where municipalities elect to install MVRS in new police vehicles. Because plaintiffs are not entitled to a refund of the surcharges they paid, we affirm the trial court orders on appeal.

I.

In 2014, the Legislature enacted N.J.S.A. 40A:14-118.1, which provides that "[e]very new or used municipal police vehicle purchased, leased, or otherwise acquired on or after [March 1, 2015] which is primarily used for traffic stops shall be equipped with [MVRS]." At the time of the enactment of N.J.S.A. 40A:14-118.1, the Legislature also amended N.J.S.A. 39:4-50(i), the DWI statute. The amendment increased an existing $100 surcharge for persons convicted of DWI to $125 and provided $25 of the surcharge

> shall be payable as follows: in a matter where the summons was issued by a municipality's law enforcement agency, to that municipality to be used for the cost of equipping police vehicles with [MVRS]

pursuant to the provisions of [N.J.S.A. 40A:14-118.1]; in a matter where the summons was issued by a county's law enforcement agency, to that county; and in a matter where the summons was issued by a State law enforcement agency, to the General Fund.

[L. 2014, c. 54, § 2.]

On or about May 4, 2015, Deptford Township filed a complaint with the Council, alleging the MVRS installation mandate was unfunded in violation of N.J. Const. Art. VIII, § 2, ¶ 5(a) and N.J.S.A. 52:13H-2. Deptford argued that even with the surcharge, the Legislature has failed to "authorize sufficient resources, other than the property tax, to offset the direct expenditures" required to fulfill the MVRS installation mandate. Deptford produced estimates ranging from $10,827.99 to $29,548.16 for equipping six new police vehicles with MVRS, not including future costs such as service and upgrades for hardware and software. In addition, the township established DWI convictions in its municipal court averaged 7.5 a month, which would yield $2,250 in allocated surcharges in a year, less than six percent of the estimated cost of MVRS installation for six police vehicles.

On April 20, 2016, the Council issued an opinion invalidating the MVRS installation mandate. The Council determined that "the enormous gap between the municipality's projected costs and its surcharge revenues . . . compels the

conclusion that the authorized funding is, on its face, constitutionally inadequate." The Council continued: "Accordingly, the Council declares N.J.S.A. 40A:14-118.1 to be unconstitutional. That determination renders nugatory the $25 surcharge described in N.J.S.A. 39:4-50(i) . . . ." The Council's decision invalidating the surcharge is not limited to convictions in which the summons was issued by a municipal law enforcement agency, even though the surcharge is to be allocated to county or State law enforcement agencies that are not subject to the MVRS installation mandate when those agencies issue the summons resulting in a DWI conviction.

On July 15, 2017, an officer with the Middlesex Borough Police Department issued plaintiff Rebecca J. Reed a summons for DWI. On January 27, 2020, Reed pleaded guilty to DWI in the Middlesex Borough Municipal Court. The sentence imposed on Reed included the surcharge authorized by the 2014 amendment to N.J.S.A. 39:4-50(i).

On March 8, 2021, Reed filed a class action complaint in the Law Division against defendants Elizabeth M. Muoio, the State Treasurer, and Caroline Benson, the Acting Financial Officer/Treasurer of the Borough of Middlesex. Reed alleged that since March 1, 2015, those defendants have been collecting the surcharge the Council declared unconstitutional from persons convicted of

6

DWI, including from Reed and other similarly situated people. She demanded an order: (1) certifying the class; (2) declaring N.J.S.A. 40A:14-118.1 unconstitutional; (3) negating the surcharge added by the 2014 amendment; (4) enjoining further collection of the surcharge; (5) directing defendants provide an accounting of their collection of the surcharge since March 1, 2015; (6) refunding the surcharge to Reed and the members of the purported class; and (7) awarding attorney's fees, costs, and interest.

On July 24, 2020, an officer with the Middletown Township Police Department issued plaintiff Amanda M. Curry a summons for DWI. On January 27, 2020, Curry pled guilty to DWI in the Middletown Township Municipal Court. The sentence imposed on Curry included the surcharge authorized by the 2014 amendment to N.J.S.A. 39:4-50(i).

On May 11, 2021, Curry filed a class action complaint in the Law Division against Muoio and Colleen Lapp, the Director and Chief Financial Officer of Middletown Township. Curry's allegations and demands for relief mirror those alleged by Reed. On June 21, 2021, the court granted a motion to consolidate the two complaints.

Muoio moved to dismiss the complaints pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. She argued she played

no role in the collection of the surcharge by municipalities or in the subsequent expenditure of those funds.  Muoio also argued plaintiffs are unable to obtain the relief they seek because N.J.S.A. 39:4-50(i), which imposes the surcharge, is distinct from N.J.S.A. 40A:14-118.1, which imposes the MVRS installation mandate.  According to Muoio, to the extent the two provisions are related, they are severable and the unconstitutionality of N.J.S.A. 40A:14-118.1 does not affect the validity of N.J.S.A. 39:4-50(i).  Muoio argued the surcharge was intended to raise revenue for municipalities to purchase MVRS for police vehicles and, even if the MVRS installation mandate is invalid, the purpose of N.J.S.A. 39:4-50(i) is fulfilled by collection of the surcharge, which is available to municipalities that voluntarily purchase MVRS for their police vehicles.  As a funding source, Muoio argued, N.J.S.A. 39:4-50(i) cannot be an unfunded mandate and is not subject to review by the Council.

Finally, Muoio argued if the Council's decision is applied only to defendants convicted on summonses issued by municipal law enforcement agencies, then only defendants who are convicted on summonses issued by county and State law enforcement officers would pay the surcharge, while the plaintiff class would not.  According to Muoio, such disparate treatment of DWI defendants would violate equal protection principles.

Benson also moved to dismiss the complaint against her for failure to state a claim upon which relief can be granted. She joined Muoio's arguments regarding severance and equal protection. Lapp had not yet been served with the complaint.

Plaintiffs opposed the motions and cross-moved to file an amended complaint. They argued once the Council declared the MVRS installation mandate to be unfunded, and therefore unconstitutional, both the mandate in N.J.S.A. 40A:14-118.1 and the statute providing its inadequate funding source, N.J.S.A. 39:4-50(i), were rendered invalid. They argued the two statutes must be read in pari materia and the constitutional infirmity of one applies equally to the other. Plaintiffs also argued decisions of the Council are political determinations not subject to judicial review and must be respected by the courts. Finally, plaintiffs argued further discovery might reveal Muoio's role in collecting and dispersing the surcharge and equal protection principles are not offended by varying punishments for the same offense, provided the State has a rational basis for the disparate treatment, which is present here.

On August 18, 2022, the court granted defendants' motions and dismissed the complaints without prejudice. In a written decision, the court held:

> The Council['s] . . . authority is limited to deeming unfunded mandates to be unconstitutional. The

A-2319-22

> Council's decision to strike [N.J.S.A.] 40A:14-118.1 as unconstitutional did not also deem [N.J.S.A.] 39:4-50(i) to be unconstitutional. The Council's decision held the $25 DWI surcharge to be nugatory only in relation to the unfunded mandate. Plaintiffs' argument that the disbursement of the collected funds has not been disclosed is insufficient to save their [c]omplaint. Even if [p]laintiffs were able to track the collection and disbursement of the surcharges, this does not change the fact that [N.J.S.A.] 39:4-50(i) is valid. Plaintiffs should not be permitted to use discovery as a fishing expedition in the hopes of finding a viable claim.

An August 18, 2022 order memorialized the court's decision.

On September 16, 2022, the court granted plaintiffs' cross-motion to file an amended complaint.

On September 21, 2022, plaintiffs filed an amended complaint. They named additional defendants: Hon. Glenn A. Grant, J.A.D., the Acting Director of the Administrative Office of the Courts (AOC), B. Sue Fulton, Chief Administrator of the New Jersey Motor Vehicle Commission (MVC), Merari Gaud, Court Administrator for the Borough of Middlesex, and Kate Chieffo, Court Administrator for the Township of Middletown. In addition to repeating the allegations in the original complaints, the amended complaint alleges the surcharge is collected by municipal court administrators and distributed by municipal chief financial officers or treasurers, the MVC, or the AOC. Plaintiffs also allege the surcharge is being collected with no guidance as to where the

10

money will go and may be being used for purposes contrary to law. Plaintiffs seek the same relief demanded in the original complaints.

Muoio, Grant, Fulton, and Benson moved to dismiss the amended complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. They argued the amended complaint is substantively indistinguishable from the original complaints and, as a result, must be dismissed under the law of the case doctrine. In addition, the defendants argued that if the court addresses the substantive provisions of the amended complaint, their motion must be granted for the same reasons the court expressed when dismissing the original complaints.

Plaintiffs opposed the motion and cross-moved for reconsideration of the August 18, 2022 order. They argued the law of the case doctrine does not apply in the context of a motion for reconsideration of an interlocutory order and, on the merits, the surcharge violates due process and upholding it would usurp the Legislature's power to raise revenue and appropriate funds for a specified purpose.

On February 16, 2023, the court granted defendants' motion and denied the cross-motion. In a written decision, the court concluded the law of the case doctrine did not apply in light of plaintiffs' cross-motion for reconsideration.

11

Applying the standards for reconsideration of an interlocutory order, the court concluded plaintiffs had "not put forth any argument at this time that causes the [c]ourt to feel that a revision of its prior opinion would be in the 'interest of justice.'" With respect to the sufficiency of the allegations in the amended complaint, the court concluded:

> The [c]ourt finds that plaintiff[s'] [o]riginal [c]omplaint and [f]irst [a]mended [c]omplaint, although formatted differently, request the same relief, and differ only in the defendants named.
>
> The [c]ourt also notes that it previously rejected plaintiff[s'] same arguments. Thus, because [p]laintiff[s'] [m]otion for [r]econsideration is denied, the [c]ourt concludes the doctrine of res judicata bars [p]laintiff[s'] claims in this complaint and [d]efendants' motion to dismiss must be granted with prejudice.

Two February 16, 2023 orders memorialized the court's decision.

On March 9, 2023, the court entered an order dismissing the amended complaint against Lapp and Chieffo with prejudice for the reasons stated in its February 16, 2023 decision. On May 18, 2023, the court entered an order dismissing the amended complaint against Gaud with prejudice for the reasons stated in its February 16, 2023 decision.

This appeal followed. Plaintiffs argue the orders dismissing their complaints should be reversed because: (1) the Council's decision to invalidate

12

the surcharge is a political decision not subject to judicial review and must be respected by the courts; and (2) the trial court erred when it concluded the Council invalidated the surcharge only in relation to the unfunded MVRS installation mandate.

## II.

We apply a de novo standard of review to a trial court's order dismissing a complaint under Rule 4:6-2(e). See Stop & Shop Supermarket Co., LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017) (quoting Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 413 (App. Div. 2014)). Under the rule, we owe no deference to the motion judge's conclusions. Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). Our "inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citing Rieder v. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "A pleading should be dismissed if it states no basis for relief and discovery would not provide one." Rezem Fam. Assocs., LP, 423 N.J. Super. at 113 (citing Camden Cnty. Energy Recovery Assoc., L.P. v. N.J. Dep't of Env't Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001)).

In 1995, the electorate adopted Article VIII, Section 2, Paragraph 5 of the State Constitution. The provision states, in relevant part:

> (a) With respect to any provision of a law enacted on and after January 17, 1996 . . . any provision of such law . . . which is determined in accordance with this paragraph to be an unfunded mandate upon . . . municipalities because it does not authorize resources, other than the property tax, to offset the additional direct expenditures required for the implementation of the law . . . shall, upon such determination cease to be mandatory in its effect and expire. . . .
>
> (b) The Legislature shall create by law a Council on Local Mandates. The Council shall resolve any dispute regarding whether a law . . . constitutes an unfunded mandate. . . . The decisions of the Council shall be political and not judicial determinations.
>
> [N.J. Const. Art. VIII, § 2, ¶ 5 (a) and (b).]

The Legislature enacted N.J.S.A. 52:13H-1 to -22 to implement Article VIII, Section 2, Paragraph 5. N.J.S.A. 52:13H-4 creates the Council.

> It shall be the duty of the [C]ouncil to review, and issue rulings upon, complaints filed with the [C]ouncil by . . . a . . . municipality . . . that any provision of a statute enacted on or after January 17, 1996 . . . constitutes an unfunded mandate upon the . . . municipality . . . because it does not authorize resources to offset the additional direct expenditures required for the implementation of the statute . . . .
>
> [N.J.S.A. 52:13H-12(a).]

"If the [C]ouncil determines that any provision of a statute . . . constitutes an unfunded State mandate . . . that provision of the law . . . shall cease to be mandatory in its effect and shall expire." Ibid. "A ruling of the [C]ouncil shall be restricted to the specific provision of a law . . . which constitutes an unfunded mandate and shall, as far as possible, leave intact the remainder of a statute . . . ." Ibid.

"A provision of a law . . . determined to be an unfunded mandate shall resume its mandatory effect if, after enactment of the law[,] . . . resources are authorized to offset the additional direct expenditures required for the implementation thereof." N.J.S.A. 52:13H-2. "[R]ulings of the [C]ouncil shall be political determinations and shall not be subject to judicial review." N.J.S.A. 52:13H-18.

We do not agree with plaintiffs' argument that any decision of the Council, even a decision plainly exceeding its constitutional and statutory authority, is political and not subject to judicial review. It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start by considering "the plain 'language of the statute, giving the terms used therein

15

their ordinary and accepted meaning.'" Ibid. (quoting Shelley, 205 N.J. at 323). Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. (quoting Shelley, 205 N.J. at 323). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 529-30 (alteration in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)). However, "[a]n enactment that is part of a larger statutory framework should not be read in isolation, but in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme." Vitale v. Schering-Plough Corp., 447 N.J. Super. 98, 115 (App. Div. 2016) (quoting Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012)).

Taken literally, N.J.S.A. 52:13H-18 and the constitutional provision from which it derives insulate all decisions of the Council from judicial review. Plaintiffs urge this literal interpretation, arguing the voters who adopted Article VIII, Section 2, Paragraph 5 intended the Council to operate free from judicial oversight, even when the Council exceeds it constitutional authority. Under plaintiffs' interpretation of Article VIII, Section 2, Paragraph 5 and N.J.S.A. 52:13H-18, if instead of declaring the surcharge "nugatory" the Council had

16

invalidated N.J.S.A. 39:4-50 in its entirety, including the offense of DWI, the Council's decision would not be subject to judicial review. The same would be true, according to plaintiffs, if the Council issued a decision invalidating a statute entirely unrelated to the MVRS installation mandate and the surcharge when it issued its decision. We do not agree the relevant provisions of the constitution and statute are intended to be applied in so broad a fashion.

Generally, "[t]he nonjusticiability of a political question is primarily a function of the separation of powers." Gilbert v. Gladden, 87 N.J. 275, 281 (1981) (quoting Baker v. Carr, 369 U.S. 186, 210 (1962)). A political question exists when there is "a textually demonstrable constitutional commitment of [an] issue to a coordinate political department." Id. at 282 (quoting Baker, 369 U.S. at 217). Here, the textually demonstrable constitutional commitment is to the Council to determine whether a statute imposes an unfunded mandate on municipalities. The Council fulfilled its constitutional responsibility when it reviewed Deptford's complaint and declared the MVRS installation mandate to be unfunded. That decision is political and not subject to judicial review. Neither plaintiffs nor defendants challenge the Council's decision that the MVRS installation mandate is unfunded and, therefore, unconstitutional.

The Council, however, also acted beyond its constitutional responsibility when it purported to invalidate the surcharge. The surcharge is not a mandate on municipalities. It is a source of funding for a mandate, assessed against defendants convicted of DWI, not municipalities. There is no textually demonstrable constitutional commitment to the Council to review the validity of a source of funding identified by the Legislature for a specified purpose. The purpose of Article VIII, Section 2, Paragraph 5 is "to prevent the State government from requiring units of local government to implement additional or expanded activities without providing funding for those activities . . . ." N.J.S.A. 52:13H-1(b). Judicial review is a constitutionally appropriate avenue through which to challenge a decision of the Council alleged to have been made outside of its constitutional authority.

We have reviewed the Council's invalidation of the surcharge and conclude its decision is not supported by law. As noted above, the surcharge poses no burden on municipal coffers. It instead generates revenue for municipalities. The Council, therefore, lacked the authority to invalidate it.

In addition, the Council is required to "restrict[]" its decisions "to the specific provision of a law . . . which constitutes an unfunded mandate and shall, as far as possible, leave intact the remainder of a statute . . . ." N.J.S.A. 52:13H-

12(a). The Council must, therefore, sever the unconstitutional mandate from the remaining elements of the statute, if possible. Severability is a question of legislative intent. Affiliated Distillers Brands Corp. v. Sills, 60 N.J. 342, 345 (1972). "That intent must be determined on the basis of whether the objectionable feature of the statute can be excised without substantial impairment of the principal object of the statute." Ibid. "Courts will enforce severability where the invalid portion is independent and the remaining portion forms a complete act within itself." Inganamort v. Borough of Fort Lee, 72 N.J. 412, 423 (1977).

The surcharge provision in N.J.S.A. 39:4-50(i) is amenable to severance from the MVRS installation mandate in N.J.S.A. 40A:14-118.1. The legislative intent of the surcharge is to punish those convicted of DWI, raise funds for the installation of MVRS in municipal police vehicles, and provide revenue for county and State law enforcement agencies. Those objectives can be accomplished independent of the MVRS installation mandate in N.J.S.A. 40A:14-118.1. The punishment of those convicted of DWI through imposition of the surcharge is independent of MVRS installation. The punishment derives from the obligation to pay the surcharge, regardless of how that surcharge may be spent. The same is true for the allocation of the surcharge to county and State

law enforcement agencies, which are not subject to the MVRS installation mandate. Finally, while the legislative mandate to install MVRS in municipal police vehicles has been invalidated, municipalities remain free to elect to install MVRS in police vehicles, and preservation of the surcharge as a funding source for such installations best fulfills the legislative intent. We see nothing in the legislative history or the Legislature's inaction in the many years during which the surcharge has been imposed and collected after the Council's decision indicating a legislative intent for the surcharge to expire in the event the MVRS installation mandate is invalidated.

We therefore conclude the Council's purported invalidation of the surcharge exceeded its constitutional authority and the Council failed to comply with its statutory obligation to preserve as far as possible the provisions of a statute under its review that do not contain an unfunded mandate.

Because the Council's purported invalidation of the surcharge is itself invalid, plaintiffs do not have a right to return of the surcharges assessed against them for their DWI convictions. Given that plaintiffs' original and amended complaints were predicated on their purported right to the return of the surcharges, we see no error in the trial court's orders dismissing those complaints.

A-2319-22

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION